**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**XUE HUI ZHANG,**

                                        **Plaintiff,**

          **vs.**                                          **1:17-CV-148**
                                                           **(MAD/TWD)**

**ICHIBAN GROUP, LLC,** *et al.*,

                                        **Defendants.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**JOHN TROY & ASSOCIATES, PLLC**       **JOHN TROY, ESQ.**
41-25 Kissena Boulevard
Suite 119
Flushing, New York 11355

**MANN LAW FIRM, PC**                  **MATTHEW J. MANN, ESQ.**
426 Troy-Schenectady
Latham, New York 12110


**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

     On February 9, 2017, Plaintiff Xue Hui Zhang filed the complaint in this putative class

action against Defendants Ichiban Group, LLC, Ichiban Food Services, Inc., Chen & Ju, Inc.,

David Ip, Shiow Fei Ju, Shin Shii Ju, Chwon Tzu Ju, Liping Ju, Tyng Quh Ju, and Tommy Ju.

*See* Dkt. No. 1.[1]  Plaintiff alleges, among other claims, numerous violations of the Fair Labor

Standards Act ("FLSA") and New York Labor Law ("NYLL").  *See id.* at ¶¶ 70-120.  Presently

_____

     [1] According to Defendants, Tommy Ju is an Americanized name commonly used by
Defendant Shin Shii Ju.  *See* Dkt. No. 14-2 at 6.  Since Plaintiff does not deny that Tommy Ju and
Shin Shii Ju are the same person, Tommy Ju is dismissed as a Defendant in this case.

before the Court is Defendants' motion to dismiss.  *See* Dkt. No. 14.  For the following reasons, the motion is granted in part and denied in part.

## II. BACKGROUND

Plaintiff alleges that he was employed by Defendants Ichiban Goup, LLC, Ichiban Food Services, Inc., and Chen & Ju, Inc.  *See id.* at ¶ 7.  He further alleges that those three entities "were, and continue to be, [a] single and joint employer and ha[ve] had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals."  *Id.* at ¶ 42.  David Ip, Shiow Fei Ju, Shin Shii Ju, Chwon Tzu Ju, Liping Ju, Tyng Quh Ju, and Tommy Ju are individuals who owned and operated the businesses that employed Plaintiff.  *See id.* at ¶¶ 18-32.

Plaintiff worked as a chef at a restaurant located at 1652 Western Avenue in Albany, New York (the "Restaurant"), which was allegedly owned by Defendants.  Plaintiff worked at the Restaurant from November 20, 2008, until December 7, 2015, and he worked approximately seventy hours per week.  *See* Dkt. No. 1 at ¶ 45.  Plaintiff alleges that he made a flat salary every month, which ranged from $2,700 to $3,300.  *See id.* at ¶¶ 49-53.  Additionally, Plaintiff was provided with a dormitory that he shared with approximately ten coworkers.  *See id.* at ¶ 47.  Plaintiff alleges that he was given only fifteen minutes or less to eat meals, he was not paid minimum wage, and he was never provided with any overtime compensation.  *See id.* at ¶¶ 55, 58.

Plaintiff claims that the conditions of his employment violated the FLSA and the NYLL, as well as other state and federal laws.  Plaintiff brings his FLSA claims individually and pursuant to the FLSA's collective action mechanism, and he brings his NYLL claims as part of a putative class action pursuant to Federal Rule of Civil Procedure 23.  *See id.* at ¶¶ 60-61.  On May 11,

2017, Defendants moved to dismiss the complaint in its entirety arguing that Plaintiff's claims should be dismissed for insufficient service of process and for failure to state a claim. *See* Dkt. No. 14.[2] Plaintiff submitted an opposition, and Defendants filed a reply. *See* Dkt. Nos. 16, 17.

## III. DISCUSSION

### A.    Legal Standard

*1. Insufficient Service of Process*

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient. " *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).  Rule 4 of the Federal Rules of Civil Procedure states that an individual may be served in a judicial district of the United States by "following state law for serving a summons . . . in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e).  Rule 308 of the New York Civil Practice Law and Rules ("CPLR") states that an individual may be served:

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

N.Y. C.P.L.R. § 308(2).  Additionally, service may be effected by "delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who

---

[2] Defendants also request sanctions under Federal Rule of Civil Procedure 11 against Plaintiff's counsel, as well as attorneys' fees.  Those requests are not appropriate at this stage in the litigation and are therefore denied.

resides there; or . . . delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A).

Under the Federal Rules of Civil Procedure, a corporation may also be served by following applicable state law, or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). "New York law authorizes two traditional methods of serving process on a corporation." *Lopez v. Bayview Loan Servicing*, No. 16-CV-1459, 2017 WL 1507452, *2 (E.D.N.Y. Apr. 27, 2017). First, personal service upon a corporation may be made by serving "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Second, process may be served on the secretary of state "as agent of a domestic or authorized corporation," and service is "complete when the secretary of state is so served." N.Y. Bus. Corp. Law § 306(b)(1).

The purpose of the service requirements is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Durant v. Traditional Invs., Ltd.*, No. 88-CV-9048, 1990 WL 33611, *3 (S.D.N.Y. Mar. 22, 1990) ("[W]hen a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service"). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may assert insufficiency of process by motion. "The

burden is on the plaintiff to establish that his service was not insufficient.  If the court determines that it was insufficient, the court may, but is not required to, dismiss the action.  Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." *Sajimi v. City of New York*, No. 07-CV-3252, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011) (internal citations omitted).

### 2. *Failure to State a Claim*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *see also Sutton ex rel. Rose v. Wachovia Secs., LLC*, 208 Fed. Appx. 27, 29-30 (2d Cir. 2006) (noting that, on a motion to dismiss, a court may take judicial notice of documents filed in another court).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.* at 570.

**B.  Service of Process**

The motion to dismiss argues that the following Defendants should be dismissed because they were not properly served: David Ip, Shiow Fei Ju, Shin Shii Ju, Chwon Tzu Ju, Ichiban Group, LLC, and Ichiban Food Services, Inc.  *See* Dkt. No. 14-2 at 6.  Defendants do not contest service as to Defendants Tynh Quh Ju, Liping Ju, or Chen & Ju, Inc.  *See id.*

*1. The Individual Defendants*

Plaintiff attempted to serve David Ip, Shiow Fei Ju, Shin Shii Ju, and Chwon Tzu Ju by delivering a summons for each of those Defendants to the Restaurant and serving them on Defendant Liping Ju, who was working as a cashier at the Restaurant.  Defendants argue that Liping Ju was not authorized to accept service on behalf of David Ip, Shiow Fei Ju, Shin Shii Ju, or Chwon Tzu Ju, each of whom has submitted an affidavit to that effect.  *See* Dkt. No. 14-2 at 7-9; Dkt. Nos. 3, 5, 6, 7.  Defendants also submitted an affidavit from Liping Ju denying that she was authorized to accept service on behalf of David Ip, Shiow Fei Ju, Shin Shii Ju, or Chwon Tzu Ju.  *See* Dkt. No. 14-8 at ¶ 2.

6

Under CPLR 308, personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." N.Y. C.P.L.R. § 308(2). The statute goes on to state that "'actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." *Id.* § 308(6). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a 'clear identification of the work performed by her with that place of business.'" *Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002) (quoting *King v. Galluzzo Equip. & Excavating, Inc.*, No. 00-CV-6247, 2001 WL 1402996, *4 (E.D.N.Y. Sept. 8, 2001)). "For the purpose of service of process, a defendant can have more than one 'actual place of business.'" *Colvin v. State Univ. College at Farmingdale*, No. 13-CV-3595, 2014 WL 2863224, *14 (E.D.N.Y. June 19, 2014). A plaintiff must show by a preponderance of the evidence that a defendant was served at his or her actual place of business. *See Balendran by Balendran v. N. Shore Med. Grp., P.C.*, 251 A.D.2d 522, 523 (2d Dep't 1998).

In this case, Plaintiff provides two different documents in an attempt to show that the Restaurant was the actual place of business of David Ip, Shiow Fei Ju, Shin Shii Ju, or Chwon Tzu Ju. First, Plaintiff submits a liquor license for "Ichiban Restaurant," which is located at 1652 Western Avenue and lists David Ip, Shiow Fei Ju, Shin Shii Ju, or Chwon Tzu Ju as principals.

*See* Dkt. No. 15-3 at 8.[3]  But the liquor license expired on April 30, 2015, nearly two years before service was made at the Restaurant.  *See id.*  Plaintiff also provides an active registration with the New York State Department of State for Ichiban Food Services, Inc.  *See id.* at 3.  The registration lists 1652 Western Avenue as the address for service of process on the corporation, and it lists David Ip and Shiow Fei Ju as the corporation's Chief Executive Officer and Principal Executive Officer.  *See id.*  However, both David Ip and Shiow Fei Ju have separate addresses in Schenectady, New York, listed under their names, which indicates to the Court that 1652 Western Avenue is likely not their actual place of business.  *See id.*  The documents submitted by Plaintiff are not sufficient evidence that the Restaurant was the actual place of business of David Ip, Shiow Fei Ju, Shin Shii Ju, or Chwon Tzu Ju.  Therefore, those Defendants have not been properly served.  *See Warshun v. N.Y. Comm. Bancorp, Inc.*, 957 F. Supp. 2d 259, 266 (E.D.N.Y. 2013) (finding that a service was not proper on a company's high-level employees because they were served at a branch office where the employees did not have offices, were not regularly present, and did not perform duties).

In Plaintiff's opposition, he asks for an extension of time to re-serve any improperly served Defendants.  *See* Dkt. No. 16 at 10.  "Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of time in which service may be effected."  *Zapata v. City of N.Y.*, 502 F.3d 192, 195 (2d Cir. 2007).  Under Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified period of

---

[3] The page numbers for this docket entry correspond with the page number assigned by the Court's electronic filing system ("ECF").

> time.  But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Since the complaint in this action was filed on February 9, 2017, Plaintiff's

90 days have expired.  Although plaintiffs bear the burden of showing good cause for an

extension, Rule 4(m) "give[s] wide latitude to courts in deciding when to grant extensions on time

to serve, including permitting courts to grant extensions even absent good cause." *Gerena v.

Korb*, 617 F.3d 197, 201 (2d Cir. 2010).  Furthermore, "Rule 4 of the Federal Rules is to be

construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the

party has received actual notice.'" *Jaiyola v. Carrier Corp.*, 73 Fed. Appx. 492, 494 (2d Cir.

2003) (quoting *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986)).  In the

circumstances of this case, including the fact that the all of the individual Defendants have

received actual notice, the Court finds that a thirty-day extension of time for service is

appropriate.  If Plaintiff fails to properly serve Defendants David Ip, Shiow Fei Ju, Shin Shii Ju,

and Chwon Tzu Ju within thirty days of the date of this Memorandum-Decision and Order, then

those Defendants will be dismissed.

### 2. The Business Entity Defendants

Plaintiff attempted to effect service on the business entity Defendants in the same way that

he attempted to serve the individual Defendants—summonses were delivered to the Restaurant

and served on Liping Ju, who was working as a cashier.  *See* Dkt. No. 7 at 4-5.  As with the

several of the individual Defendants, Defendants argue that Liping Ju was not authorized to

accept service on behalf of Ichiban Group, LLC, or Ichiban Food Services, Inc.  *See* Dkt. No. 14-

2 at 7.  However, the question whether Liping Ju was authorized to accept service on behalf of

Ichiban Group, LLC, and Ichiban Food Services, Inc., is intertwined with substantive issues at the

heart of this case: namely, who owns the various business entities and whether they function as a

single, joint employer.  Therefore, at this time, the Court declines to address the question whether service on Ichiban Group, LLC, and Ichiban Food Services, Inc., was proper.  *See First Capital Asset Mgmt., Inc. v. Brickelbush, Inc.*, 150 F. Supp. 2d 624, 630-31 (S.D.N.Y. 2001) (declining to address personal jurisdiction at the motion to dismiss stage where the issue was intertwined with substantive claims in the case), *aff'd* 385 F.3d 159 (2d Cir. 2004).

Since the Court is providing Plaintiff with a thirty-day extension of time to re-serve some of the individual Defendants, Plaintiff may also re-serve Ichiban Group, LLC, and Ichiban Food Services, Inc., within thirty days.  If Plaintiff fails to properly serve Defendants Ichiban Group, LLC, and Ichiban Food Services, Inc., within thirty days of the date of this Memorandum-Decision and Order, then Defendants may renew their motion to dismiss for improper service of process as to those Defendants in a properly filed motion for summary judgment.

## C.  Chen & Ju, Inc., Liping Ju, and Tyng Quh Ju

Defendants move to dismiss the complaint for failure to state a claim as to Chen & Ju, Inc., Liping Ju, and Tyng Quh Ju.  *See* Dkt. No. 14-2 at 9-10.  Attached to their motion to dismiss, Defendants provide a sales agreement in which Ichiban Group, LLC, and Ichiban Food Services, Inc., sell the restaurant to Chen & Ju, Inc., as well a lease agreement in which Ichiban Group, LLC, agrees to rent the premises to Chen & Ju, Inc.  *See* Dkt. No. 14-16.  The sales agreement is dated May 1, 2016—months after Plaintiff had stopped working at the Restaurant.  *See id.* at 15. Defendants also provide an affidavit from Liping Ju stating the she and her husband, Tyng Quh Ju, are the shareholders of Chen & Ju, Inc., and that Plaintiff was never employed by Chen & Ju, Inc.  *See* Dkt. No. 14-8 at ¶ 5.  Furthermore, the affidavit states that she and her husband have never had any interest in Ichiban Group, LLC, or Ichiban Food Services, Inc.  *See id.* at ¶¶ 3-4. Defendants argue that because Chen & Ju, Inc., Liping Ju, and Tyng Quh Ju were not involved

10

with the Restaurant during the time of Plaintiff's employment, the complaint should be dismissed as to those Defendants. *See id.*

In reviewing a motion to dismiss, the Court may consider documents incorporated by reference in the complaint or attached as an exhibit thereto, documents that are "integral" to the plaintiff's claims (even if not explicitly incorporated by reference), and matters of which judicial notice may be taken. *Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) (citations omitted). To incorporate a document by reference, "the Complaint must make a clear, definite and substantial reference to the document[]." *Id.* at 275-76. Moreover, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the defendant may produce the [document] when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *accord Holowecki v. Fed. Exp. Corp.,* 440 F.3d 558, 565-66 (2d Cir. 2006). Notably, "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Here, Plaintiff's complaint alleges that Ichiban Group, LLC, Ichiban Food Services, Inc., and Chen & Ju, Inc., operate as a single, joint employer and that they share management, ownership, labor relations, and a website. *See* Dkt. No. 1 at ¶ 42. In moving to dismiss the complaint as to Chen & Ju, Inc., and its shareholders Liping Ju and Tyng Quh Ju, Defendants provide extrinsic evidence meant to disprove Plaintiff's claims, including a sales contract and multiple affidavits. To consider such evidence would convert Defendants' motion to dismiss into

a motion for summary judgment, which the Court declines to do at this stage. *See Thomas*, 232 F. Supp. 2d at 275. Therefore, Defendants' motion to dismiss the complaint against Defendants Liping Ju, Tyng Quh Ju, and Chen & Ju, Inc., for failure to state a claim is denied.

### D.      Violation of 26 U.S.C. § 7434

Under 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). "An 'information return' is defined as 'any statement described in section 6724(d)(1)(A),' which includes, among other things, statements related to information returns 'with respect to income tax withheld.'" *Yahui Zhang v. Akami Inc.*, No. 15-CV-4946, 2017 WL 4329723, *5 (S.D.N.Y. Sept. 26, 2017) (citing 26 U.S.C. § 6724(1)(A)(vii)).

Although Plaintiff alleges that Defendants violated 26 U.S.C. § 7434, the complaint does not include any factual allegations supporting that claim. Plaintiff merely states the elements of a claim under 26 U.S.C. § 7434 and asserts that he is entitled to relief. The pleading standard under Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Therefore, Plaintiff's claim under 26 U.S.C. § 7434 is dismissed. *See Yahui Zhang*, 2017 WL 4329723 at *5 (dismissing the plaintiff's 26 U.S.C. § 7434 claim for failure to state a claim because it "merely parrots the statutory requirements" but does not allege that the defendant willfully violated the statute); *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 16-CV-5735, *8 (S.D.N.Y. June 15, 2017) (dismissing the plaintiff's claims under 26 U.S.C. § 7434 because the complaint "does not specifically allege that [any defendant] filed fraudulent returns");

*Shang Zhong Chen v. Kyoto Sushi, Inc.*, No. 15-CV-7398, 2017 WL 4236556, *6 (E.D.N.Y. Sept.

22, 2017) (moving sua sponte to dismiss the plaintiff's claim under 26 U.S.C. § 7434 because

"[a]side from the conclusory allegation that [the defendants] violated 26 U.S.C. § 7434, there is

no mention, anywhere in the Complaint, that any documents were filed").[4]

**E.      Failure to Provide Meal Periods**

New York Labor Law section 162(2) provides that "[a]n employee who works a shift of

more than six hours which extends over the noon day meal period is entitled to at least thirty

minutes off within that period for the meal period."  Plaintiff alleges that Defendants violated this

and other portions of New York Labor Law section 162.  *See* Dkt. No. 1 at ¶¶ 109-113.  Despite

Plaintiff's allegations, his claim must be dismissed because "under N.Y. Lab. Law § 162

(requiring meal periods), no private statutory right of action exists to enforce it."  *Awan v.*

*Durrani*, No. 14-CV-4562, 2015 WL 4000139, *9 n.12 (E.D.N.Y. July 1, 2015).  Indeed, courts

in this circuit have repeatedly held that there is no private right of action under New York Labor

Law section 162.  *See Hill v. City of N.Y.*, 136 F. Supp. 3d 304, 351 (E.D.N.Y. 2015) (collecting

cases).  Therefore, Plaintiff's claim under New York Labor Law section 162 is dismissed.

**F.      Preclusion**

Defendants argue that the entire complaint in this action must be dismissed as barred by

res judicata.  *See* Dkt. No. 14-2 at 2.  According to Defendants, Plaintiff filed a complaint with

the New York State Department of Labor ("DOL") alleging violations of New York Labor Law

arising from the same facts as his claims in this case.  *See id.*  DOL investigated Plaintiff's

complaint and scheduled a compliance conference, but Plaintiff failed to appear.  *See* Dkt. No.

---

[4] The Court notes that the plaintiffs in each of the above-cited cases were represented by
Plaintiff's counsel in this case.  Plaintiff's counsel is reminded not to include claims in a complaint
if there is no factual support for those claims.

14-1 at ¶ 26.  The DOL adjourned and rescheduled the conference, but Plaintiff once again failed to appear.  *See id.* at ¶ 27.  In an attorney affirmation, Defendants' counsel states that the investigation continued and that DOL ultimately determined that Defendants did not owe any back wages to Plaintiff.  *See id.* at ¶ 30.  Therefore, Defendants argue, Plaintiff's complaint is barred in its entirety by res judicata.

The Supreme Court's decision in *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986), guides federal courts' application of preclusion doctrines, such as res judicata, to the unreviewed findings of state administrative agencies.  The Court in *Elliott* held that "when a state agency 'acting in a judicial capacity resolves issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts."  *Elliott*, 478 U.S. at 799 (1986) (quoting *Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966)).  But the Court also held that federal courts should balance the preclusive effect of unreviewed state agency decisions with the congressional intent behind the federal statute giving rise to a plaintiff's cause of action.  *See id.* at 796.[5]  After reviewing the language and legislative history of Title VII, the Court in *Elliott* determined that Congress did not intend for unreviewed state agency determinations to have preclusive effect on actions under Title VII.  *See id.*

The first question, then, is whether Congress intended for unreviewed state administrative findings to have preclusive effect on actions brought under the FLSA.  Although the Second

---

[5] Pursuant to 28 U.S.C. § 1738, federal courts are required 'to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 139 (S.D.N.Y. 2015) (quoting *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982)).  However, § 1738 applies to state court decisions; it does not apply to state agency determinations that are not reviewed by state courts.  *See id.* (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 794 (1986)).

Circuit has not ruled on this question, it has suggested that the answer is no.  In *Solomino v. Astoria Federal Sav. & Loan Ass'n*, 901 F.2d 1148, 1152 (2d Cir. 1990), *aff'd* 501 U.S. 104 (1991), the Second Circuit notes the absence of "any part of the FLSA or its interpretive caselaw that indicates Congress intended in the FLSA to give preclusive effect to the judicially unreviewed fact-finding of a state agency."  Multiple district courts in this circuit have cited *Solomino* for the proposition that unreviewed determinations of the DOL likely do not have preclusive effect on claims brought under the FLSA.  *See Akwesi v. Uptown Lube & C/W, Inc.*, No. 07-CV-335, 2007 WL 4326732, *3 (S.D.N.Y. Dec. 3, 2007) ("While unreviewed factual determinations of state agencies *may* be given preclusive effect in federal court, this is not so in all circumstances, and appears not [to] be so in suits brought under the FLSA"); *accord Metevier v. CARR Properties, Inc.*, No. 15-CV-3039, 2016 WL 5793742, *4 n.2 (S.D.N.Y. Sept. 30, 2016). However, the Court need not reach that question in this case.  Even if unreviewed findings of a state administrative agency could preclude future action under the FLSA, they would not do so in this case.

"In New York, 'the doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies . . . when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law.'" *United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 140 (S.D.N.Y. 2015) (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 499 (1984)).  However, "a state administrative decision which is unreviewed by a state court carries no preclusive effect if it was not the subject of a 'quasi-judicial' proceeding below." *Linares v. City of White Plains*, 773 F. Supp. 559, 564 (S.D.N.Y. 1991).  In a well-reasoned decision, the court in *Metevier* examined the question whether a DOL

investigation and compliance conference has preclusive effect under New York law. *Metevier*, 2016 WL 5793742, at *4-7. The court noted that "[a] compliance conference is merely a precursor to an 'Order to Comply,' which the DOL may choose to issue against an employer at the conclusion of its investigation. If the employer disputes the Order, only then does a formal hearing take place . . . ." *Id.* at *6 (citations omitted). The court went on to find that "the DOL compliance conference was not adjudicatory or quasi-judicial in nature, and therefore the investigation of [the plaintiff's] claim . . . did not result in an adjudication on the merits. Consequently, *res judicata* does not apply." *Id.* at *7.

In this case, there was a DOL investigation and a compliance conference that the Plaintiff did not even attend; there was no formal hearing. *See* Dkt. No. 14-1 at ¶¶ 24-32. Furthermore, Plaintiff provides just three separate documents relating to the Department of Labor investigation, and it is not entirely clear whether these documents resolve Plaintiff's complaint. *See* Dkt. Nos. 9-11. Therefore, this action is not barred by res judicata.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED in part** as to Plaintiff's claims under 26 U.S.C. § 7434 and New York Labor Law section 162; and Defendants' motion to dismiss is **DENIED in part** as to all other claims; and the Court further

**ORDERS** that service was not proper as to Defendants David Ip, Shiow Fei Ju, Shin Shii Ju, or Chwon Tzu Ju, and Plaintiff is granted a thirty-day extension of time to serve those Defendants; if Plaintiff fails to properly serve Defendants David Ip, Shiow Fei Ju, Shin Shii Ju, or

Chwon Tzu Ju within **thirty (30) days**, then any of those Defendants that is not properly served will be dismissed; and the Court further

> **ORDERS** that while the Court does not make a finding as to whether or not Defendants Ichiban Group, LLC, Ichiban Food Services, Inc., were properly served, Plaintiff is granted a thirty (30) day extension of time to serve those Defendants; if Plaintiff fails to serve Defendants Ichiban Group, LLC, Ichiban Food Services, Inc., within **thirty (30) days**, then Defendants may renew their motion to dismiss for improper service of process as to those Defendants in a properly filed motion for summary judgment; and the Court further

> **ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 1, 2017
Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**