**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**XUE HUI ZHANG,**

                             **Plaintiff,**

    vs.                                      **1:17-CV-148**
                                                  **(MAD/TWD)**

**ICHIBAN GROUP, LLC,** *et al.***,**

                             **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**JOHN TROY & ASSOCIATES, PLLC**    **JOHN TROY, ESQ.**
41-25 Kissena Boulevard
Suite 119
Flushing, New York 11355
Attorney for Plaintiff

**MANN LAW FIRM, PC**                **MATTHEW J. MANN, ESQ.**
426 Troy-Schenectady Road
Latham, New York 12110
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On February 9, 2017, Plaintiff Xue Hui Zhang filed the complaint in this putative class action against Defendants Ichiban Group, LLC, Ichiban Food Services, Inc., Chen & Ju, Inc., David Ip, Shiow Fei Ju, Shin Shii Ju, Chwon Tzu Ju, Liping Ju, and Tyng Quh Ju. *See* Dkt. No. 1. Plaintiff alleges multiple violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *See id*. at ¶¶ 70-120. Presently before the Court are Plaintiff's motion for leave to file an amended complaint and Defendants' motion to dismiss for lack of service. *See* Dkt. Nos. 45, 57. Additionally, on July 2, 2018, counsel for Defendant Chen & Ju, Inc., filed a letter brief notifying the Court that Chen & Ju, Inc., has filed for bankruptcy and that the action

must therefore be stayed. *See* Dkt. 59. For the following reasons, Defendants' motion to dismiss is granted, Plaintiff's motion to amend is granted in part and denied in part, and the action is stayed as to Chen & Ju, Inc.

## II. BACKGROUND

The Court presumes the parties' familiarity with the background of this case, as detailed in the December 1, 2017 Memorandum-Decision and Order ("December Order"). *See* Dkt. No. 8. Defendants previously filed a motion to dismiss, which was granted in part and denied in part. *See* Dkt. No. 18 at 16-17. The Court dismissed counts nine and ten of the complaint—Plaintiff's claims under 26 U.S.C. § 7434 and NYLL § 162. *See id*. at 16. Defendants' motion to dismiss was denied as to all other claims. *See id*. But the Court found that service was not proper as to Defendants David Ip, Shiow Fei Ju, Shin Shii Ju, and Chwon Tzu Ju, and the Court granted Plaintiff a thirty-day extension to re-serve those Defendants. *See id*. Plaintiff filed affidavits of service within the prescribed time. *See* Dkt. No. 25.

Plaintiff also seeks to amend the complaint to include allegations relating to Yue Hua Chen ("Ms. Chen") and Gui Yong Zhang ("G.Y. Zhang"). *See* Dkt. No. 49 at 1. Plaintiff alleges that Ms. Chen worked as a waitress at a restaurant owned by Defendants. *See id*. at ¶ 65. From November 1, 2009 until December 31, 2015, Ms. Chen worked approximately 72.5 hours per week at the restaurant. *See id.* at ¶¶ 66, 68. She made a flat salary of $300 per month from November 1, 2009 until December 31, 2013, and a flat salary of $500 per month from January 1, 2014 until December 31, 2015. *See id*. at ¶¶ 69-70. Additionally, Ms. Chen was never provided with any overtime compensation. *See id.* at ¶ 72.

Plaintiff alleges that G.Y. Zhang worked as a fry wok at a restaurant owned by Defendants. *See id*. at ¶ 76. G.Y. Zhang worked at the restaurant from March 1, 2013, until June

30, 2013, and again from September 1, 2014 until December 31, 2014. *See id.* G.Y. Zhang worked approximately 70.5 hours per week. *See id.* at ¶¶ 78-79. From March 1, 2013 until June 30, 2013, he received a flat salary of $2,700 per month, and from September 1, 2014 until December 31, 2014, he received a flat salary of $2,900 per month. *See id.* at ¶¶ 79-80. G.Y. Zhang was also not provided with overtime compensation. *See id.* at ¶ 83.

### III. DISCUSSION

**A.     Plaintiff's Motion to Amend**

*1. Legal Standard*

Under Rule 15(a) of the Federal Rules of Civil Procedure, when a party may not amend its pleading as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and . . . resulting prejudice to the opposing party." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) (citations omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6)." *Lucente v. Int. Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "[A]n amended complaint is futile when it does not contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Henriquez v. Kelco Landscaping Inc.*, 299 F.R.D. 376, 379 (2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether to grant leave to amend, "the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party." *Aetna*, 404 F.3d at 604.

Federal courts may exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28. U.S.C. § 1367. "Disputes form part of the 'same case or controversy' . . . 'when they "derive from a common nucleus of operative fact."'" *Romero v. Bestcare, Inc.*, No. 15-CV-7397, 2018 WL 1702001, *8 (E.D.N.Y. Feb. 28, 2018) (citations omitted). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id*. "A district court's decision whether to exercise . . . jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Finally, a court should weigh "the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction over state-law claims. *Carnegie-Mellon U. v. Cohill*, 484 U.S. 343, 350 (1988).

### *2. Gui Yong Zhang*

Defendants oppose the addition of G.Y. Zhang as a Plaintiff in this action, arguing that G.Y. Zhang's federal claims are time-barred, and that the Court should not exercise supplemental jurisdiction over his state claims. *See* Dkt. No. 52-1 at 4. Plaintiff concedes that G.Y. Zhang's FLSA claims are time-barred, but he asks the Court to exercise supplemental jurisdiction over G.Y. Zhang's state law claims. *See* Dkt. No. 49 at 4. Plaintiff argues that forcing G.Y. Zhang to

4

litigate these issues in state court would be burdensome and a waste of judicial resources. *See* Dkt. No. 49 at 4.

In *Romero v. Bestcare*, the plaintiff sought to amend her complaint to add a plaintiff to an action seeking recovery for alleged violations under the FLSA and NYLL. *See Romero*, 2018 WL 1702001, at *2. The defendant opposed the amendment arguing that the additional plaintiff's federal claim was time-barred and that supplemental jurisdiction over the state-law claims would be inappropriate. *See id.* at 7. The court found that the proposed plaintiff's federal claims were time-barred and denied amendment as to the federal claims. *See id.* The court decided, however, to exercise supplemental jurisdiction over the proposed plaintiff's state-law claims, finding that the state-law claims alleged by the plaintiff and proposed plaintiff arose "from a common nucleus of operative fact." *Id.* at 9. The court noted that "all of [proposed plaintiff's] state law claims shared a common bond with [plaintiff's] in that they derive from defendants' wage payment and reimbursement policies." *See id.*

Here, the state claims that G.Y. Zhang seeks to add to the complaint involve various violations of New York State labor laws by Defendants. *See* Dkt. No. 46 at 14-16. G.Y. Zhang alleges the same course of conduct by the Defendants as is alleged with respect to Plaintiff Xue Hui Zhang and Ms. Chen. *See* Dkt. No. 47 at 11-14. Each Plaintiff alleges the systematic denial of overtime pay, spread time pay, and various other rights. *See id.* at 19-29. Since the federal and state claims alleged by Plaintiff Xue Hui Zhang survive, the interest of judicial economy, convenience, and fairness weigh in favor of exercising supplemental jurisdiction over G.Y. Zhang's state law claims. Further, the state claims alleged by G.Y. Zhang do not raise a novel or complex issue of state law, nor are there any extraordinary circumstances that would compel the

5

Court not to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367. Therefore, the motion to amend is granted as to G.Y. Zhang's state law claims.

### *3. Yue Hua Chen*

With respect to Ms. Chen, the proposed amended complaint alleges violations of the FLSA and NYLL that are almost identical to the allegations made by Plaintiff Xue Hui Zhang. *See* Dkt. No. 47 at 13-14. If Plaintiff is allowed to amend his complaint, the amended complaint would allege claims arising out of the same law for each of the three named Plaintiffs. *See id*. at 2-3. Defendants oppose the motion to amend, arguing that the wage law applicable to Plaintiff's claims is different than the wage law that would apply to the claims brought by Ms. Chen, because Ms. Chen is a waitress who receives tips. *See* Dkt. No. 52-1 at 3.

If the facts alleged in the amended complaint, when viewed in the light most favorable to the moving party, contain sufficient information to state a claim for which relief may granted, then the case may proceed on the amended complaint. *See Twombly*, 550 U.S. at 570; *Aetna*, 404 F.3d at 604. Defendants do not challenge the sufficiency of Ms. Chen's allegations. The only argument against the addition of Ms. Chen as a plaintiff is that different law may apply to her wage claims, but Defendants do not present an argument against the addition of Ms. Chen's other claims. *See* Dkt. No. 52-1 at 3. Regardless, the arguments raised by Defendants as to the similarity of the law that governs Plaintiff's claims would be more appropriate at the class certification stage. Accordingly, the motion to amend is granted as to Ms. Chen's claims.

### *4. Counts Nine and Ten*

The proposed amended complaint contains two counts that have previously been dismissed by the Court. Indeed, counts nine and ten—Plaintiff's claims under 26 U.S.C. § 7434 and New York Labor Law § 162—were dismissed and Plaintiff was urged "not to include claims

6

in a complaint if there is no factual support for those claims." *See* Dkt. No. 18 at 13 n.4. Plaintiff's proposed amended complaint contains the very same claims that Plaintiff was admonished for including in the original complaint, and Plaintiff does not address or acknowledge the reasons that those claims were dismissed. Although Defendants once again request that the Court impose sanctions against Plaintiff's counsel, *see* Dkt. No. 52-1 at 4-5, the Court declines to do so at the this time. The Court notes that it has authority to impose sanctions against an attorney where "there is a clear showing of bad faith on the part of an attorney." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). Should it become necessary, the Court will exercise that authority.

**B.      Defendants' Motion to Dismiss for Insufficient Service of Process**

A defendant may move to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). "The burden is on the plaintiff to establish that his service was not insufficient. If the court determines that it was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." *Sajimi v. City of New York*, No. 07-CV-3252, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011) (citations omitted). Here, Defendant moves to dismiss for insufficient service as to Defendants Shiow Fei Ju, Shin Shii Ju, and Chwon Tzu Ju.

Plaintiff attempted to serve Defendants Shin Shii Ju and Chwon Tzu Ju by delivering the complaint to a woman identified in the affidavit of service as their daughter. *See* Dkt. No. 45-2 at 4; Dkt. No. 45-3 at 4. The location of the attempted service was a house owned by Defendants Shin Shii Ju and Chwon Tzu Ju. *See id.* Plaintiff attempted to serve Shiow Fei Ju by delivering the complaint to an unidentified woman at a house owned by Defendant Shiow Fei Ju. *See* Dkt. No. 45-4 at 4. Plaintiff argues that Defendants were properly served pursuant to Federal Rule of

7

Civil Procedure 4(e), *see* Dkt. No. 51 at 3-4, which provides that an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B).

In *Supreme Fuels Trading FZE v. Sargeant*, the plaintiff attempted to serve the defendant by leaving a copy of the summons and complaint with the defendant's daughter at a condominium owned by the defendant. *See Supreme Fuels Trading FZE v. Sargeant*, No. 08-CV-81215, 2009 WL 5128504, *3 (S.D. Fla. Dec. 18, 2009). The defendant challenged the sufficiency of service, arguing that he had never lived at the location where service was attempted. *See id*. The court examined the evidence presented by the defendant demonstrating that the defendant had never lived in the condominium building, and found that the place where service was attempted was not the defendant's usual place of abode. *See id*. As a result, the court found that service was not proper under Federal Rule of Civil Procedure 4(e)(2)(B). *See id*.

Here, Defendants have submitted sworn affidavits to the effect that the locations at which each Defendant was served was not their dwelling or usual place of abode. *See* Dkt. No. 45-2 at 1; Dkt. No. 45-3 at 1; Dkt. No. 45-4 at 2. Plaintiff has not submitted any evidence indicating that Defendants Shin Shii Ju, Chwon Tzu Ju, and Shiow Fei Ju currently reside—or have ever resided—at the locations where service was attempted. Therefore, the Court finds that service was not proper as to Defendants Shin Shii Ju, Chwon Tzu Ju, and Shiow Fei Ju. Defendants' motion to dismiss for insufficient service of process is granted.

**C.    Bankruptcy Stay**

On June 29, 2018, Defendant Chen & Ju, Inc., filed a voluntary petition for bankruptcy. *See In Re Chen & Ju, Inc.*, No. 18-11150, Dkt. No. 1 (Bankr. N.D.N.Y.). On July 2, 2018,

Defendant Chen & Ju, Inc., notified the Court that it filed for protection under Chapter 7 of the United States Bankruptcy Code. *See* Dkt. No. 59. According to 11 U.S.C. § 362,

> a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of – (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362. A filing pursuant to section 301 is a voluntary filing by an entity that may be a debtor. *See* 11 U.S.C. § 301. In a July 24, 2018 letter, Plaintiff argues that the bankruptcy filing by Chen & Ju, Inc., automatically stays this case as to all Defendants. *See* Dkt. No. 60. Plaintiff is incorrect.

"It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Queenie, Ltd. v. Nygard Intern*, 321 F.3d 282, 286 (2d Cir. 2003) (quoting *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). "[T]he automatic stay can be extended to non-debtors, but only where there exist 'unusual circumstances . . . which would require 'something more than the mere fact that one of the parties to the lawsuit has filed . . . bankruptcy.'" *Uto v. Job Site Servs., Inc.*, 444 B.R. 222, 224 (E.D.N.Y. 2011) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). Such an unusual circumstance occurs only "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Based on the limited information available to the Court, the Court cannot conclude that such a circumstance exists. Therefore, the action is stayed as to Chen & Ju, Inc., but will continue as to the other Defendants.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the action is stayed only as to Defendant Chen & Ju, Inc.; and the Court further

**ORDERS** that Defendants' motion to dismiss for lack of proper service (Dkt. No. 45) as to Defendants Shin Shii Ju, Chwon Tzu Ju, and Shiow Fei Ju is **GRANTED** and those Defendants are terminated from this case; and the Court further

**ORDERS** that Plaintiff's motion for leave to amend his complaint (Dkt. No. 47) is **GRANTED**[1]; and the Court further

**ORDERS** that Plaintiff must serve the amended complaint upon Defendants' counsel within fourteen (14) days of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff must file proof of service within three (3) days of service; and the Court further

**ORDERS** that if Plaintiff's counsel fails to file proof of service within seventeen (17) days of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close the case without further order of the Court; and the Court further

---

[1] Plaintiff's request for leave to amend his complaint is denied as to G.Y. Zhang's federal claims and counts nine and ten of the proposed amended complaint.

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 26, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge