**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JOHN TROY, as Next Friend, on behalf of XUE HUI ZHANG,

                **Petitioner**     Case No. 1:17-cv-00148

WILLIAM BARR, *in his official capacity as the Acting Attorney General of the United States*;
UNITED STATES DEPARTMENT OF HOMELAND SECUIRTY;
KIRSTJEN NIELSEN, Secretary of Homeland Security
GWYNNE DINOLFO, Director of the Albany Field Office of the U.S. Immigration and Customs Enforcement;
PATRICK A RUSSO, Sheriff of the Rensselaer County Correction Facility

                **Respondents**
-------------------------------------------------------------------X

## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner requests that this Court issue a writ of habeas corpus for the purpose of securing Mr. ZHANG's appearance in this proceeding and his appearance in further proceedings in a related case, *Zhang et al v. Ichiban Group, LLC et al*, 1:17-cv-00148-MAD-TWD (N.D.N.Y., 2017) (hereinafter "Related Case"), including at his court-ordered deposition originally scheduled for August 12, 2019, as well as any hearings and/or trial related to remedies or damages. Petitioner ZHANG respectfully requests that this Court order injunctive relief, including an order directing the U.S. Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") not to remove petitioner while the aforementioned litigation involving Mr. ZHANG is pending.

Absent an order from this Court, Mr. ZHANG will remain detained in custody of the defendants until he is physically removed and deported from the United States by DHS and ICE

despite his status as the named Plaintiff and critical witness in his pending wage-and-hour employment rights case, *Zhang et al v. Ichiban Group, LLC et al*, 1:17-cv-00148-MAD-TWD (N.D.N.Y., 2017), in which he is seeking relief for unpaid minimum wages and unpaid overtime wages under both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

If Mr. Zhang is detained and removed from the United States, he would confront a number of technical and practical obstacles that would severely hinder his ability to fully litigate his wage-and-hour employment rights claims in the related pending case, and to fully participate in person in any further proceedings in that case. Specifically, if Petitioner remains detained in ICE custody, he will not be able to participate in the court-ordered deposition scheduled at the Defendants' attorney office in spite of having travelled to Albany for that set purpose. Additionally, if Petitioner remains detained in ICE custody or is removed from the United States to the People's Republic of China, he will face significant obstacles to his presentation of evidence in the trial of the related case. He may be barred by the laws of the United States from re-entering the United States to present testimony in person, and may be barred by the laws of the People's Republic of China from presenting remote testimony.

The detention of Mr. ZHANG is not justified by any compelling governmental interest that would overcome his right to seek justice in his employment rights case. Mr. ZHANG, is a loving husband. Far from being a flight risk or danger to the community, Mr. ZHANG is a responsible pillar of his community and his detention was an abuse of discretion by ICE. Mr. ZHANG seeks the opportunity to fully litigate his claims in court, and to pursue his various pending claims for immigration relief.

## JURISDICTION and VENUE

1. Petitioner brings this action under 28 U.S.C. §§ 2241(a), (c)(1), (c)(5), 2242, and 2243. Petitioner further invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1651, 2201, and 2202.

2. This Court has authority under 28 U.S.C. § 2241 to grant the writ of habeas corpus and, under 28 U.S.C. § 2242, to entertain the Petition filed on behalf of Mr. ZHANG by John Troy as Next Friend.

3. Venue is proper in the United States District Court for the Northern District of New York because Petitioner is currently detained in custody in the district, and a substantial part of the events giving rise to this petition occurred in the district, and at least one Respondent may be found in the district. *See* 28 U.S.C. §§ 1391(b) & (e).

## PARTIES

4. Petitioner is a 45-year-old former resident of China who has resided in New York for more than 18 years. He left China in 2001, to seek asylum in the United States from the Chinese communist regime.

5. Petitioner has stayed in New York with his long-time partner since 2009.

6. On May 24, 2019, the United States District Court for the Northern District of New York, Hon. Therese W. Dancks, ordered Petitioner to present himself for deposition in Albany.

7. Petitioner duly reported to the court-ordered deposition scheduled in Albany on August 12, 2019 at 10:00 am.

8. During the lunch break of said deposition, the deportation officer of the ICE trailed Plaintiff and ordered that he be taken into custody at around 13:30pm.

9. Petitioner has been in the custody of ICE since Monday, August 12, 2019.

10. Respondent William Barr is the Acting Attorney General of the United States. He is sued in his official capacity.

11. Respondent DHS is a cabinet department of the United States federal government with responsibility for, among other things, administering and enforcing the nation's immigration laws. ICE is an American federal law enforcement agency that is part of DHS. According to the ICE website, "ICE's mission is to protect America from the cross-border crime and illegal immigration that threaten national security and public safety."

12. Respondent Kirstjen Nielsen is the Secretary of DHS. She is sued in her official capacity.

13. Respondent GWYNNE DINOLFO is the ICE Enforcement and Removal Operations Albany and has supervisory responsibility for Petitioner ZHANG. Ms. Dinolfo is sued in her official capacity.

14. Respondent PATRICK A. RUSSO is the Sheriff of the Rensselaer County Correction Facility and has custody of the Petitioner. Ms. Bounds is sued in her official capacity.

15. Respondents are directly responsible for any activities undertaken by or under the supervision of any agents or employees acting on their behalf. All references to Respondents' actions in this Petition include activities performed by Respondents agents or employees, and other government agents or employees.

## STATEMENT OF FACTS

16. Mr. ZHANG came to the United States in 2001, fleeing life-long political persecution by the Chinese communist regime.

17. Mr. ZHANG was arrested by U.S. immigration authorities at the Los Angeles International Airport on September 2001.

18. He was released a month or so later.

19. Mr. ZHANG left Los Angeles, California because he did not know anyone in the jurisdiction with whom he could stay and because he wanted to file for asylum in New York.

## **REMOVAL PROCEEDINGS**

20. Petitioner ZHANG originally filed his claim against DAVID IP and the ICHIBAN RESTAURANT with the NYS Department of Labor ("DOL").

21. DAVID IP is a former FBI/government agent.

22. However, in 2016, while the NYS Department of Labor investigation is pending, DAVID IP called MIN DI ZHANG, a Chinese immigrant worker from his hometown of Lianjiang, Fujian Province, China, to pass the message that if ZHANG dared to attend the DOL meeting, he will be calling ICE to arrest him.

23. As a result, Petitioner ZHANG did not attend the DOL hearing, and the DOL, whose investigation had found numerous violations of the NYLL by DAVID IP and ICHIBAN RESTAURANT, and substantial damages owed to Petitioner ZHANG as a result, dismissed and terminated his case.

24. On May 24, 2019, Magistrate Judge THERESE WILEY DANCKS ordered Depositions to be scheduled, with Named Plaintiff, Petitioner ZHANG's deposition to be scheduled first. ECF No. 111 of Related Case.

25. The parties agreed upon the deposition date of August 12, 2019 at the Mann Law Firm, P.C., located at 426 Troy Schenectady Road, Latham, New York 12110.

26. Petitioner Zhang's deposition commenced as planned on August 12, 2019 and when parties took a short break to eat lunch, Respondents arrested petitioner at the restaurant at 13:30

by five (5) Immigration and Customs Enforcement officials, including two (2) Black and three (3) White officials.

27. The officials did search incident before arresting Petitioner ZHANG, cuffing him.

28. The deputies transported him to Albany Field Office of the USCIS, before transferring him to the county jail.

29. ICE is party to a Memorandum of Understanding ("MOU") with the United States Department of Labor in which ICE agrees to "continue its existing practice of assessing whether tips and leads it receives concerning worksite enforcement involve a worksite with a pending labor dispute" and "ICE further agrees to be alert to and thwart attempts by other parties to manipulate its worksite enforcement activities for illicit or improper purposes. ICE will continue its existing practice of assessing whether tips and leads it receives concerning worksite enforcement are motivated by an improper desire to manipulate a pending labor dispute, retaliate against employees for exercising labor rights, or otherwise frustrate the enforcement of labor laws."

30. As can be seen from the foregoing, DAVID IP and ICHIBAN RESTAURANT have previously threatened to retaliate against Mr. ZHANG with tips and leads to ICE if he pursued his labor rights, and successfully intimidated him out of pursuing his labor rights on at least one occasion.

31. Upon information and belief, DAVID IP and ICHIBAN RESTAURANT used the opportunity of Mr. ZHANG's court-ordered deposition to tip ICE to his location in an effort to frustrate Mr. ZHANG's enforcement of the labor laws by pursuing a civil litigation in the District Court for the Northern District of New York.

32. Upon information and belief, ICE failed to be alert to and failed to thwart DAVID IP's and ICHIBAN RESTAURANT's retaliatory attempt to manipulate its enforcement process, contrary to existing policy referred to in the MOU.

33. Mr. ZHANG's wage-and-hour employment rights case remains pending in this Court.

34. Mr. ZHANG remains a critical witness in his pending wage-and-hour employment rights case.  His testimony at trial would be crucial to his request for an award for damages and any equitable relief.

35. If Mr. ZHANG is removed from the district and the United States by ICE, his ability to continue communicating with his attorneys about his employment rights case will be practically and technically very difficult, if not impossible.  The ability of any party to obtain testimony from Mr. ZHANG will also be severely hindered, if not impossible.

36. Mr. ZHANG has limited reading and writing capabilities. He has the equivalent of middle school education in China.

37. Moreover, Mr. ZHANG is from LIANJIANG, FUJIAN PROVINCE, CHINA—which due to the China firewall has limited access to the outside world, including to the United States.

38. If Mr. ZHANG is removed from the United States, his long-time partner and community at large will suffer in his absence.

39. Further, Mr. ZHANG is active in the community of compatriots from LIANJIANG, CHINA, where he has gotten to know and support other community members in their daily lives.

40. Mr. ZHANG is also a member of the Democratic party.

41. If Mr. ZHANG returns to his family in China, it is very likely he would encounter renewed and further threats from the Chinese Community Party, especially since he has left.

42. Mr. ZHANG comes from a small community in China with very limited job and educational opportunities. It would be very difficult for him to obtain meaningful employment or education, making it difficult for him to subsist.

## CLAIMS FOR RELIEF

43. The Government is detaining Mr. ZHANG in federal immigration custody in violation of the Immigration and Nationality Act, federal regulations, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. The factual allegations listed above are incorporated into each of the claims of relief below.

## CLAIM FOR RELIEF

44. To the extent that the government abruptly detained and seeks to remove Mr. ZHANG without prior notice or opportunity to be heard in his pending employment rights lawsuit, the government has infringed upon Mr. ZHANG's protected liberty and property interests. Mr. ZHANG's requests for damages and equitable relief has been reserved for trial, and Mr. ZHANG has not yet had an opportunity to complete his deposition testimony or provide testimony during the deposition, for which his attendance was required.

45. Mr. ZHANG should thus be afforded an opportunity to be heard prior to his deportation.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. ZHANG prays that this Court grant the following relief:

**(1)** Pursuant to 28 U.S.C. § 2243, issue an order directing Respondents to show cause why the writ of habeas corpus should not be granted;

**(2)** Issue a writ of habeas corpus requiring Respondents to release Mr. ZHANG from federal immigration custody forthwith;

**(3)** Enjoin Respondents from removing Mr. ZHANG from the district until Mr. ZHANG's employment rights case has been fully adjudicated; and

**(4)** Grant any other and further relief that this Court may deem fit and proper.

## **VERIFICATION**

STATE OF NEW YORK )
) ss:
COUNTY OF QUEENS )

I, John Troy, Esq., Next Friend of Petitioner, XUE HUI ZHANG, and am attorney in good standing in the State of New York, hereby affirm on this 12th day of August 2019, under penalty of perjury, that the facts set forth in the petition are true and correct to the best of my knowledge.

/s/ John Troy
John Troy