# Mann Law Firm, P.C.
_____
426 Troy Schenectady Road ♦ Latham, N.Y.  12110

**Matthew J. Mann, Esq.**                                                                                           Latham
                                                                                                                                  Commack/NYC

August 16, 2019

Hon. Therese Wiley Dancks, Magistrate
United States District Court                                    VIA CM/ECF
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

Re:   Request for Protective Order for all parties to the case
      Xue Hui Zhang et al v. Ichiban Food Group et al
      Case No: 1:17-CV-148 [MAD/TWD]

Dear Magistrate Dancks:

I am sorry to once again bother the Court in this matter but I have just received a disturbing email in the above referenced matter from a self identified "public radio reporter." (see annexed).

I do not believe that discussion of immigration matters which could lead to the deportation of one or more individuals in a public forum is prudent conduct. Nor is it appropriate to defame my clients to gain some perceived advantage.

It would be quite simple to deny the allegation but, in addition to escalating the animosity between the parties, it also has the potential to cause irreparable harm to one or more of the parties.  After all reporters always have one more question beyond the one they initially pose.

Throughout these proceedings this office has taken the position that immigration information, although relevant to the narrow issues of case, should be protected from release.  There is case law which very specifically states that illegal immigrants are not eligible for back *wages (Hoffman v. Plastic Compounds Inc v. National Labor Relations Board 535 US 137 (2002).*  Two district courts in far away jurisdictions have indicated Hoffman may not apply to all FLSA cases and that there may be some exception for "work actually performed."  If this court follows those decisions, the inconsistencies with Hoffman notwithstanding, the question will remain whether the enhancements and penalties sought are applicable to those whose eligibility for employment was impaired by their immigration status.

This is our good faith basis for engaging in the inquiry. It would go against the everything the members of this office stand for to turn over such information to third parties which could result in the removal of individuals from this country just because they came in through the wrong door.  We are an office of descendants of immigrants -

**Tel: 518-785-3300 ♦ Fax: 518-783-5691**
(*Electronic Service NOT Accepted without PRIOR Approval*)

every one of us-and our ancestors came in through may paths. For this reason, we have time and again offered assurances to opposing counsel that the information obtained would be used only for legitimate purposes of this litigation. We have offered the Plaintiffs our consent to an order precluding release of the information to third parties without court approval should they make an application. I can see no reason to share any details of the depositions with anyone besides the finder of fact in this case. This includes ICE and the media.

As I have indicated in prior correspondence, my clients have assured that they did not call ICE. Additionally this office has made outreach to Sheriff's office in hopes of continuing the deposition at their facility; unfortunately the individual had been transferred to another facility. We have also agreed to make reasonable efforts to cooperate with the conclusion of the depositions of that individual either in or out of custody as the circumstances present.

Per the admission of Plaintiff's counsel during the pre deposition conference, the Court is well aware that at least one of the other plaintiffs- Gui Yong Zhang- lacks proper status for residency and employment. I was in the process of writing a letter to the Court modifying my request for leave to move to strike/dismiss pertaining to GY Zhang when this the email from the reporter arrived.

After his firm has argued repeatedly that immigration status is not discoverable, Mr. Troy has now exposed his clients to public and media scrutiny. As a fellow traveler on this planet, one deeply offended by current immigration politics, I am disturbed that he would place his clients in jeopardy. His conduct is clearly contrary to the interests of his clients. As such, I feel duty bound to take this affirmative action to limit the exposure of all of the parties in this case from potential irreparable harm whether they are my clients or the clients of another. This is a simple civil case; justice is offended by the imposition of unrelated matters, unnecessary disclosures and unsubstantiated accusations.

I, therefore, respectfully ask the Court to consider any protective orders which the Court may deem just, fair and proper, including but not necessarily limited to preclusions on media contact, preclusions on third party disclosures without court approval and limiting public access to of immigration related communications/filings in this case (which I am surprised Mr. Troy has not previously requested.)

As indicated previously I was in the process of modifying my application to the Court when I received the email from the reporter. I had written as follows:

> I am in receipt of Mr. Dong's letter of last evening and the Court's Text Order of early this morning. In light of Mr. Dong's reluctance to allow Gui Yong Zhang to be examined in my office despite my assurances that our firm was not involved in the arrest of his client and that my clients had not contacted ICE, we will consent to deposition of Gui Yong Zhang in one of the conference rooms at the federal courthouse in Albany provided that Plaintiffs pay for the extra day of the interpreter. I therefore modify my request for leave to make a motion to strike the pleading and dismiss the claims of Gui Yong Zhang to a request for a conditional order for such relief in the event that Gui Yong Zhang does not appear for and testify at deposition to be completed by a date certain to be fixed by the Court. If it gives Mr. Zhang a further

        level of comfort, I would consent to conducting those depositions in October or November to put some distance between Monday's events and the future deposition. That consent is given conditioned on the adjournment of the other motion dates in the case.

        Additionally, as I indicated to Mr. Dong yesterday on the record, while I believe we met our obligation in providing an adequate witness on behalf of Ichiban Group LLC and Ichiban Food Services Inc., we would consent to his examination of an additional witness- Shiow Fei Ju after we have completed the depositions of Xue Hui Zhang and Gui Yong Zhang. That should render his other concern moot.

        I hope that this resolves the need for a conference on the 22nd. I ask Mr. Dong to forward a stipulation in MS word format if his concerns are sufficiently addressed.

Thank you again for your consideration.

Very truly yours,

*/s/ Matthew J. Mann*

Matthew J. Mann


MJM/m
Enclosure

Cc: John Troy, Esq.  VIA CM/ECF