UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XUE HUI ZHANG, *on behalf of himself and others similarly situated*, XUE HUI ZHANG, *on behalf of himself and others similarly situated*, YUE HUA CHEN, and GUI YONG ZHANG,

                       **Plaintiffs,**

  vs.                                 1:17-CV-148 (MAD/TWD)

ICHIBAN GROUP, LLC, *d/b/a Ichiban Japanese & Chinese Restaurant d/b/a Takara*, ICHIBAN FOOD SERVICES, INC., *d/b/a, Ichiban Japanese & Chinese Restaurant d/b/a Takara*, CHEN & JU, INC., *d/b/a Ichiban Japanese & Chinese Restaurant d/b/a Takara*, DAVID L IP, LIPING JU, and TYNG QUH JU,

                       **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**TROY LAW, PLLC**               **JOHN TROY, ESQ.**
41-25 Kissena Boulevard         **AARON B. SCHWEITZER, ESQ.**
Suite 103
Flushing, New York 11355
Attorneys for Plaintiffs

**MANN LAW FIRM, PC**          **MATTHEW J. MANN, ESQ.**
426 Troy-Schenectady Road      **STEPHAN R. WEISS, ESQ.**
Latham, New York 12110
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiffs Xue Hui Zhang, Yue Hua Chen, and Gui Yong Zhang (collectively "Plaintiffs"), on behalf of themselves and other employees similarly situated, filed an amended complaint on April 2, 2019, alleging numerous claims, including violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *See* Dkt. No. 89 at ¶¶ 91–129. On March 3,

2020, the Court granted in part Plaintiffs' motion to conditionally certify Plaintiffs' FLSA collective action claim.  *See* Dkt. No. 173.  On January 7, 2021, Plaintiffs moved for class certification on their state law unpaid wages, overtime, spread of time, and non-provision of notice claims pursuant to Rule 23(b)(3).  *See* Dkt. No. 196-15.  Plaintiffs' proposed class included "[a]ll non-tipped positions that were not exempt from receiving overtime during the six years immediately preceding the initiation of [t]his action up to the date of the decision on this motion."  *See id.* at 6.  In its May 21, 2021 Memorandum-Decision and Order, the Court granted Plaintiffs' motion for class certification and ordered the parties to confer and provide the Court with a joint proposed notice by June 20, 2021.  *See* Dkt. No. 201.  The Court presumes the parties' familiarity with this case and refers them to the Court's May 21, 2021 Memorandum-Decision and Order for a detailed recitation of the facts.  *See id.*

Currently before the Court is Defendants' motion for reconsideration.  *See* Dkt. No. 202. Plaintiffs, in their opposition to Defendants' motion, argue that the motion should be denied as untimely.  *See* Dkt. No. 204.  Plaintiffs also seek clarification as to whether the parties should provide the joint notice in English only or if they must provide the notice in both English and Mandarin.  *See* Dkt. Nos. 204, 206.

Although Defendants shroud their motion in the cloak of Rules 59(e) and 60(a) of the Federal Rules of Civil Procedure, in truth, it is a motion for reconsideration pursuant to Local Rule 60.1.  Defendants cannot bring a motion pursuant to Rule 59 because there has been no judgment entered.  Nor is Defendants' motion an attempt to make a "correction[] based on clerical mistake" or "a mistake arising from oversight or omission," despite what Defendants' counsel may suggest.  Rather, Defendants disagree with, and seek reconsideration of, the Court's ruling certifying Plaintiffs' state law unpaid wages, overtime, spread of time, and non-provision of notice

2

claims. However, Defendants' motion for reconsideration is untimely because it was filed more than fourteen days after entry of the order at issue. *See* N.D.N.Y. L.R. 60.1 ("a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree"). Accordingly, Defendants' motion is denied.[1]

Plaintiffs seek clarification of the Court's order directing the parties to provide a joint proposed notice for class members. *See* Dkt. Nos. 204, 206. The parties are to provide the Court with the joint proposed notice in English within one week of the date of this Order. The parties will then have two weeks to have the provided notice translated into Mandarin. If there are no objections to the Mandarin notice, the parties should file a final version of the Mandarin notice

---

[1] Even if the Court were to find that the motion was timely filed, it would still be denied on the merits. Defendants primarily raise arguments that the Court previously rejected. As Defendants already argued in their opposition to the motion for class certification, they believe that the scope of the class on a Rule 23 class certification motion is bound by the class definition as described in the Court's conditional certification of the FLSA collective action. *See* Dkt. No. 202-1 at 2-3. Although there are overlapping principles, conditional certification of a collective action under the FLSA and certification of a class action under Rule 23 of the Federal Rules of Civil Procedure are two distinct mechanisms. *See Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 162 (S.D.N.Y. 2014) ("The NYLL does not ... contain a provision for collective action. In order to litigate the NYLL claims on a collective basis, Plaintiff [sought] certification pursuant to Rule 23"). Therefore, the Court's ruling on the conditional certification of the FLSA collective action has no bearing on the Court's decision to grant class certification of the NYLL claims pursuant to Rule 23. Additionally, Defendants repeat the same argument regarding numerosity of the class in this case. *See* Dkt. No. 202-1 at 4-7. The Court previously rejected these arguments. *See* Dkt. No. 201 at 5-8. Defendants also provide a number of affidavits from individuals claiming that they were "erroneously" included in the Court's numerosity calculation. *See* Dkt. No. 202-3. The Court clearly indicated that even if all of the individuals Defendants discussed are excluded from the class, that does not automatically preclude class certification. *See* Dkt. No. 201 at 7-8. Finally, Defendants argue that Mr. Troy and his law firm cannot serve as class counsel because at least one of the name Defendants may fall into the class, thereby creating a conflict of interest. *See* Dkt. No. 202-1 at 7-8. Perhaps the Court should not be surprised that Defendants' counsel now seeks to create a conflict of interest for Plaintiffs' counsel by suggesting that a named Defendant will decide to remain in the plaintiff class, effectively suing himself for labor law violations during the relevant time. This is the sort of absurd argument to which the Court has now become accustomed as such arguments are routinely made in this case, presumably in the interests of delaying this action and confusing the issues. However, the Court will not consider

within one week of receipt of the Mandarin notice.  If any party has objections to the translation of the Mandarin notice, such objection must be filed within one week of the date that the translated notice is made available to all counsel.

    Accordingly, the Court hereby

    **ORDERS** that Plaintiffs' motion for reconsideration (Dkt. No. 202) is **DENIED**; and the Court further

    **ORDERS** that the parties are to provide the Court with the joint proposed notice in English only within one week of the date of this Order; and the Court further

    **ORDERS** that, after the English notice is filed with the Court, the parties will have two weeks to translate the notice into Mandarin; and the Court further

    **ORDERS** that if there are no objections to the Mandarin notice, the parties shall file a final version of the Mandarin notice within one week of receipt of the Mandarin notice; and the Court further

    **ORDERS** that any objections to the translation of the Mandarin notice must be filed within one week of the date that the translated notice is made available to all counsel; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 23, 2021
       Albany, New York

*[Signature]*
Mae A. D'Agostino
U.S. District Judge

---

such a seemingly disingenuous argument raised for the first time in an untimely motion for reconsideration.