UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

XUE HUI ZHANG, *on behalf of himself and*
*all others similarly situated, et al.*,

                              Plaintiffs,

                                                      1:17-cv-00148
v.                                                    (MAD/TWD)

ICHIBAN GROUP, LLC, *et al.*,

                              Defendants.

_____

APPEARANCES:

AARON B. SCHWEITZER, ESQ.
Troy Law, PLLC, Counsel for Plaintiffs

MATTHEW J. MANN, ESQ.
Mann Law Firm, PC, Counsel for Defendants


THÉRÈSE WILEY DANCKS, United States Magistrate Judge


**<u>ORDER</u>**

    In their amended complaint, plaintiffs allege violations of the Fair Labor Standards Act

("FLSA") and New York Labor Law ("NYLL").  Class certification was granted pursuant to Rule

23 of the Federal Rules of Civil Procedure.  (Dkt. No. 201.)  Presently before the Court are letter

motions concerning potential conflicts of interest regarding the parties' attorneys based upon the

nature and description of the class certified, and the roles of various parties at the Defendant

restaurants.  (Dkt. Nos. 223, 224, and 225.[1])  The Court discussed these issues with counsel and

_____

    [1]    Dkt. Nos. 223 and 225, submitted by defendants, are identical with the exception of
an additional footnote (footnote no. 7) in Dkt. No. 225.

ultimately directed counsel to file the letter motions to further address the conflict issue.  (Text

Minute Entry 7/15/2021; Dkt. Nos. 220, 221.)

Defendants assert that certain named Defendants and/or owners of the named Defendant

businesses — Tyng Quh Ju, Li Ping Ju, David Ip, and Shin Shii Ju — are also members of the class

as the class is presently defined.[2]  (Dkt. No. 225.)  Defendants further assert that "for all counsel to

remain in the case, the case must be restructured or the class redefined."  (Dkt. No. 225 at 2.)

Plaintiffs argue that the class definition, by its plain meaning ". . . excludes all individuals who were

employed or are currently employed by Defendants that were exempt from receiving overtime at

anytime during the class period" which includes the above-named four individuals because they

were essentially "operators" of the businesses during the class period, not employees, and therefore

not entitled to overtime pay.  (Dkt. No. 224 at 2, citing 12 N.Y.C.R.R. §§146-1.4, 146-3.2.)  As

such, Plaintiffs contend that ". . . there is no conflict because the individuals under consideration are

already excluded from the class by the class definition."  (Dkt. No. 224 at 3.)  Alternatively,

Plaintiffs assert that the Court should redefine the class if it is determined that the four individuals

are within the current class definition.  *Id.*

After careful consideration of the record, the parties' arguments, and the applicable law, the

Court finds redefining the class in such a way to exclude the four individuals as potential class

members is appropriate to avoid the alleged conflict.  "The authority of federal courts to disqualify

attorneys derives from their inherent power to preserve the integrity of the adversary process."

---

[2]        The class is currently defined as "[a]ll individuals who were employed or are
currently employed by Defendants in any tipped or non-tipped positions that were not exempt from
receiving overtime during the six years immediately preceding the initiation of [t]his action up to the
date of the decision on this motion."  (Dkt. No. 201 at 4, citing Dkt. No. 196-15 at 6.)

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (citation and

quotations omitted).  "In exercising this power, [courts] balance a client's right freely to choose his

[or her] counsel against the need to maintain the highest standards of the profession." *Id.* (citations

and quotations omitted).

Here, neither counsel has claimed that the other counsel has acted inappropriately nor

against any of their respective clients' interests.  Moreover, if all counsel were disqualified, the case

could derail because the parties and potential class members would be left with the unenviable task

of trying to find new counsel and get new counsel up to speed.  Thus, it is also more efficient,

preserves judicial and attorney resources, and serves all of the parties' interests in maintaining their

current freely chosen counsel rather than requiring all parties to obtain new counsel.  At this point in

the litigation wherein class certification was recently granted, the Court in its discretion determines

that redefining the class will alleviate any perceived conflicts and preserve the integrity of the

profession.  Further, the Court, under Rule 23, has the discretion to amend class definitions ". . . to

provide the necessary precision or to correct other deficiencies." *Morgangelli v. Chemed Corp.,* 275

F.R.D. 99, 114 (E.D.N.Y. 2011) (citation omitted).

Therefore, the Court redefines the class to exclude the four individuals while preserving the

class and so the parties may continue to be represented by their chosen counsel.  The class shall

heretofore be defined as "[a]ll individuals who were employed or are currently employed by any

current or prior Defendant in this action, in any tipped or non-tipped position that was not exempt

from receiving overtime at any time during the six years immediately preceding the initiation of

[t]his action up to the date of decision on this motion,[3] excluding all current and prior Defendants in this action."

Accordingly, it is hereby,

**ORDERED**, that the parties' respective letter motions as briefed in Dkt. Nos. 223, 224, and 225 are **GRANTED** in part and **DENIED** in part in accordance with this Order; and it is further

**ORDERED**, that the parties must confer in good faith regarding the proposed class notice and to discuss a schedule of all further discovery, and file a joint status report by 2/25/2022 setting forth their proposed class notice and the proposed schedule for further necessary discovery.

SO ORDERED.

Dated: February 3, 2022
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

---

[3]     The reference to "this motion" is to the Court's decision on the class certification motion.  (Dkt. No. 201.)