# Mann Law Firm, P.C.
_____
426 Troy Schenectady Road ♦ Latham, N.Y. 12110

**Matthew J. Mann, Esq.**  Latham
Commack/NYC

February 3, 2022

Hon. Therese Wiley Dancks, Magistrate Judge     VIA CM/ECF
United States District Court
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

Re:   Request for Clarification/Reconsideration
      Request for Extension
      Xue Hui Zhang v. Ichiban Food Group et al
      Case No: 1:17-CV-148 [MAD/TWD]

Dear Magistrate Dancks:

Thank you for your decision and order of earlier today (Doc 226). I respectfully write to seek clarification and perhaps reconsideration pursuant to FRCP Rules 59(e), 60(b)(1) & 60(b)(6) as well as NDNY Local Rule 60.1. I also write to ask for a brief extension of the deadline for the status report from February 25 to at least March 4.

Let me address the request for extension first as it is most straight forward. I have just booked my first vacation since the beginning of pandemic. I return the 25th assuming that planes and COVID variants cooperate. In preparation for the vacation, the courts have cooperated in freeing up the vacation time by cramming many appearances into the two weeks before departure. If history is in any indicator, I presume Mr. Troy and I will need the better part of a week to craft a joint statement.

I ask for clarification and perhaps reconsideration for two reasons. One is that the four affected individuals wish to remain in the class and are potentially prejudiced by exclusion. The other is that I believe the Court has erroneously accepted disputed facts as true. If I am misunderstanding, I apologize. As the Court is aware, I am particularly cautious on matters pertaining to any potential conflicts of interest for reasons and questions of law currently before the Second Circuit.

I fear that the Court's decision may create a new related conflict of interest as these excluded individuals, who are my clients, may wish to appeal while other defendants who are also my clients, may not.

If I am reading the Court's decision, the Court bases the exclusion on Plaintiff's representation that these individuals were all "operators" of the all of the business enterprises . (Dkt No. 226 at 2) This is not consistent with the employment periods for these individuals or

Plaintiff's pleadings.  I believe the court may have misapprehended the roles of the four subject individuals and hence their potential claims/conflicts.

There are relevant time periods when the subject individuals were simply employees and as such, if Plaintiffs are to be believed, would have claims as employees against their employers during the times when they were simply employees and not operators.

Plaintiff has pled that Defendant Chen and Ju Inc have successor liability for the acts or omissions of Ichiban Group LLC and Ichiban Food Services Inc. and their operators. (Dkt No. 66 at 9) and memo of law (Dkt. No. 49 at 5). This is a very limited claim and is very different that a continuation of operations claim, a claim which is not asserted in this action. Successor liability is simply a claim for financial indemnity.

The successor liability claims divide the action into two discrete time periods. One period is when individuals allegedly worked for Ichiban Food Services Inc and one is period is when a group of individuals allegedly worked for Chen and Ju Inc. (Ichiban Group was apparently named because it is the entity which appears to have assets but none of these restaurant workers were employed by the real estate holding corporation.).

During discrete period 1 (hereinafter "Period 1"), the very young Tyng Quh Ju and Li Ping Ju (Chen) were hosts working for Ichiban Food Services Inc. They were neither management nor owners of either Ichiban Defendant. Therefore, if Mr. Troy and his clients are correct, they are entitled to compensation and damages from Defendants Ip and Ichiban Food Services Inc. during Period 1  To exclude them from the class would be prejudicial as they would be barred from bringing the claims by virtue of the statute of limitations. Their alleged potential claims would only be viable as members of the class.

During discrete period 2 (hereinafter "Period 2"), David Ip and Shin Shii Ju were employed by Chen and Ju, Inc.; they were neither management nor owners. if Mr. Troy and his clients are correct, they are entitled to compensation and damages from Defendants Chen and Ju Inc., Tyng Quh Ju and Li Ping Ju (Chen) for their employment during Period 2. To exclude them from the class would be prejudicial as they would be barred from bringing the claims by virtue of the statute of limitations. Their alleged potential claims would only be viable as members of the class.

(This analysis does not address the fact that Chen and Ju, Inc employees should not be members of the class because successor liability limits recovery to indemnity for conduct while employed by the former employer, not new employees of the new business; that is an argument for another day. I make this note to ensure that the court knows that defendants do not accept any of plaintiffs' allegations as true and make no such acknowledgments in this letter)

Even if the complaint had alleged a continuing business enterprise,  there would still be claims of Period 1 Plaintiffs against some Period 1 Defendants and claims of Period 2  Plaintiffs against some Period 2 Defendants.

Stated more simply, there are periods of time when the four subject individuals were employees  who would have the same claims as other employees. The fact that two eventually start up a new business operation years later does not convert them to be operators of the first entity. Similarly, the fact that two individuals who were owners of the first entity later and become employees of the second entity does not make them operators of the first. Any claims they would have would stand independently from their later or prior ownership of the other entity.

I would respectfully submit that fact finding would have been necessary to reach the conclusion that all four subject individuals were "operators" of both entities at the times when they were employed in class defined positions to justify their exclusion.

I confess that I do not have solutions to the conundrum. I only see the issues. I don't want to unnecessarily put anyone in need of the "unenviable task" (Dkt No 226 at 3) of finding new counsel or getting them up to speed. I would presume that if the parties ultimately needed to find new counsel, we would need to craft a transition period and transition plan to keep the case from derailing.

As I note in prior correspondence and recognizing the Court's discretion to amend class definitions(Dkt No. 226 at 3), redefining the class by using the former FLSA class preliminary class certification definition would eliminate the conflicts as the individuals would not be members of that class . The problem arises when clerks, cashiers and others are added to the mix by the larger vaguer definition. The FLSA definition would be "All cooks, kitchen workers, waiters, fry woks, packers and deliverymen employed by Ichiban Group LLC and Ichiban Food Services, Inc., from February 9, 2011 to present."

I cautiously bring this definitional solution to the Court's attention and do not raise it as a proposal because doing so would potentially place one group of defendants advocating against other defendants who are members of the class as defined by Judge D'Agostino. Maintaining the definition as amended, your decision and order potentially prejudices the four subject individuals.

One resolution might simply be to allow limited communications between defense counsel and the subject individuals in their roles as defendants and limited communications between class counsel and these individuals in their role as class members. We could then revisit the conflicts between defendants at a later date should there be a need to examine apportionment of damages, if any are awarded. I believe that I could represent defendants as defendants without prejudice to any defendants if so long as the defense continues to be that there is no liability between the plaintiffs and defendants. Mr. Troy could likely represent the class interests of the these individuals as class members as I am doubtful that this representation would result in sharing of otherwise confidential information. This is simply thinking aloud and if implemented would have to occur by court directive and specific notation by court order that the arrangement is not viewed by the Court as violative of the Rules of Professional Conduct. I am not sure the Court could carve such an exception.

Perhaps this all of this might be appropriate subject matter for a non binding conference/work session between plaintiff counsel, defense counsel and the Court's law clerk to attempt craft a workable, non prejudicial and ethically proper resolution. In retrospect, I probably should have made this suggestion at the outset.

I apologize for the stream of consciousness tone to this letter. I send it balancing its structure against the goal of preventing additional delay. Unbeknownst to this Court, at present there is also a tangentially related matter pending with the USDOL which has been somewhat paused due to the issues stated herein. I know all parties in this and the related matter are desirous of moving forward expeditiously.

I thank the Court for its courtesies and patience.

Very truly yours,
*/s/ Matthew J. Mann*
Matthew J. Mann                                                                                                        MJM/m