UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XUE HUI ZHANG, *on behalf of himself and*
*all others similarly situated, et al.*,

                          Plaintiffs,

                                                        1:17-cv-00148
v.                                                 (MAD/TWD)

ICHIBAN GROUP, LLC, *et al.*,

                          Defendants.
_____

APPEARANCES:

AARON B. SCHWEITZER, ESQ.
Troy Law, PLLC, Counsel for Plaintiffs

MATTHEW J. MANN, ESQ.
Mann Law Firm, PC, Counsel for Defendants


THÉRÈSE WILEY DANCKS, United States Magistrate Judge


**<u>ORDER</u>**

      In their amended complaint, Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Class certification was granted pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Dkt. No. 201.) Defendants then filed letter motions concerning potential conflicts of interest regarding the parties' attorneys based upon the nature and description of the class certified, and the roles of various parties at the Defendant restaurants. (Dkt. Nos. 223, 224, and 225.[1]) The Court, after discussing these issues with counsel and reviewing the

---

    [1]     Dkt. Nos. 223 and 225, submitted by defendants, are identical with the exception of an additional footnote (footnote no. 7) in Dkt. No. 225.

the letter motions to further address the purported conflict, issued an Order on February 3, 2022. (Text Minute Entry 7/15/2021; Dkt. Nos. 220, 221, 223-225, 226.) Defendants now seek reconsideration of that Order (Dkt. No. 226) dated February 3, 2022. (Dkt. No. 227.) Plaintiff's oppose the letter motion. (Dkt. No. 229.)

The Court finds Defendants' motion for reconsideration to be timely. *See* N.D.N.Y. L.R. 60.1. However, reconsideration is warranted where the moving party can show the court "overlooked" facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Human Electronics, Inc. v. Emerson Radio Corp.,* 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004 (quoting *Schrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995)). In the Northern District of New York, a court may grant a motion for reconsideration where there has been a change in controlling law, new evidence not previously available comes to light, or in order "to correct a clear error of law or prevent manifest injustice." *Id.* (citing *United States v. Gagnon*, 250 F. Supp. 2d 15, 18 (N.D.N.Y. 2003)).

Defendants have not cited in their motion any intervening change in law that might warrant reconsideration of the Court's prior Order. They do not offer any new evidence not previously available in support of reconsideration. They do not point to the need to correct a clear error of law which would need to be addressed through such reconsideration. In short, there is absolutely no showing by Defendants that reconsideration is warranted. The Court issued a ruling in its discretion redefining the class in such a way to exclude the four individuals as potential class members to avoid the alleged conflict regarding the class definition. *See Morgangelli v. Chemed Corp.,* 275 F.R.D. 99, 114 (E.D.N.Y. 2011) (citation omitted) (Under Rule 23, the Court has the discretion to amend class definitions ". . . to provide the necessary precision or to correct other deficiencies.");

*see also* Dkt. No. 226.   Accordingly, Defendants' motion for reconsideration is denied.

Wherefore, it is hereby,

**ORDERED**, that the Defendants' letter motion (Dkt. No. 227) is **DENIED**.

SO ORDERED.

Dated: March 17, 2022
    Syracuse, New York

                                         Therese Wiley Dancks
                                         United States Magistrate Judge