UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

XUE HUI ZHANG
YUE HUA CHEN & GUI YONG ZHANG
              Plaintiffs

    -against-

ICHIBAN GROUP LLC.,
ICHIBAN FOOD SERVICES INC.,
d/b/a Ichiban Japanese and Chinese Restaurant
CHEN & JU, INC. d/b/a Takara, DAVID IP,
LIPING JU, and TYNG QUH JU

              Defendants,
_____

**BRIEF AND ATTORNEY DECLARATION**

CASE NO: 1:17-CV-148 [MAD/TWD]

STATE OF NEW YORK    )

COUNTY OF ALBANY    )    ss

Matthew J, Mann Esq., of the Mann Law Firm, P.C., with principal offices located at 426 Troy Schenectady Road, Latham, New York, hereby submits the within brief and declaration in support of Defendants' application for an award of attorneys fees as prevailing party in the above captioned action

1. I am an attorney duly licensed to practice law before the courts of the State of New York, the federal courts of the Northern District of New York and the United States Supreme Court.

2. I am the attorney of record for the above named Defendants having been retained on or about April 3, 2017, such retention having been necessitated by Plaintiff's commencement of the above captioned action. (EXHIBIT A). It is respectfully submitted that the rates set forth in the retainer are reasonable and comparable or below those charged by other attorneys in interdisciplinary practice of similar experience, including a few days shy of 30 years practicing labor law, civil practice and litigation.

3. I submit the within application in its present consolidated form with apologies and this explanation. While the Court graciously granted a scheduling order (Doc 305) to accommodate certain appellate matters pending in this office, The United State Department of Labor and this Court consumed most of the drafting time in resolving intellectually interesting discovery questions in the tangentially related matter of Su v. Ip 22-cv-886 including a forced sojourn to Syracuse on the date of the filing of the within application. Therefore the within submission contains both the brief and the attorney declaration.

4. Your deponent also takes heed of the caveats set forth in the Text Order at Dkt 303. Deponent recognizes the uniqueness of many aspects of this case. While annexed hereto is a ledger of the time expended on the case (when I remembered to write it down) and an itemization of costs and disbursements, your deponent makes no specific demand and defers to the Court's discretion in fixing the size and shape of the award granted. (EXHIBIT B, E, F)

| | |
|---|---|
| Legal Fees | $182,833.30 |
| Disbursements in Register (Postage, copies, mediation, PACER. FOIL, Translator, deposition transcripts, parking, gas, tolls ) | $6474.32 |

5. All services set forth in this declaration and with accompanying exhibits were necessitated in litigating the above captioned matter and were in fact performed on behalf of defendants. (EXHIBIT C)

6. To date Defendants have paid the sum of $30.332.92 to the Mann Law Firm for legal fees and disbursements on this matter (EXHIBIT D)

7. The defense initially involved the representation of six individuals and three corporate entities. After initial proceedings, the number of individual defendants was reduced to three; the number of corporate defendants remained the same. There were several pre-answer motions to dismiss, an answer and counterclaim, opposition to a motion to

amend complaint, an answer to the amended complaint, exchange of discovery, motions relative to the bankruptcy of one defendant, discovery, depositions of 7 individuals, complications relative to seizure of deponent by ICE, opposition to preliminary FLSA class certification, opposition to Rule 23 certification, creation and exchange of class member lists and contact information, monitoring of opt outs, extensive computations of wages and synthesis of deposition testimony relative thereto, a Rule 56 summary judgment motion and a motion to decertify class. The time log follows this progression of the case.

8. The procedural averments set forth herein are made of deponent's personal knowledge.

<u>Defendants are "Prevailing Parties" as a matter by definition</u>

On September 19, 2023, this Court entered a decision and order (Dkt. 300), dismissing all FLSA (29 USC 201 et seq) in the above captioned action with prejudice and declined to extend this Court's jurisdiction to state law claims, dismissing same, nominally without prejudice.

Many federal statutes provide for payment of counsel fees, costs and disbursements. By definition, Defendants are the prevailing party in this matter. A party is "prevailing" where a statute provides for recovery of attorneys fees when a court has entered an enforceable judgment on the merits in a party's favor. *Buckhannon Bd and Care Home Inc. v West Virginia Department of Human Res. 532 US 598, 603 (2001)*.

The FLSA provides for award of counsel fees costs and disbursements to the prevailing party in an FLSA case. *Fisher v. SD Protection Inc.*, *948 F.3d 593, 600 (2d Cir. 2020)* ;see also *FRCP Rule 23(h)* . Costs other than attorneys fees are awarded to the prevailing party *FRCP Rule 54(d)(1)*.

Also pertinent to this case and consistent with this Court's decision (Dkt 300) is the holding in in *Christianburg Garment Co v. EEOC 343 US 412 (1978)* that an award of

attorneys fees to a prevailing defendant is warranted where the federal claims were frivolous, unreasonable or without foundation. It is not necessary for the prevailing defendant to establish subjective bad faith in order to recover attorneys fees.. *Barnes Found. V. Twp of Lower Merion  242 F3d 151 (3d Cir. 2001)*. Here the Court found no reasonable person could conclude that violations of FLSA had occurred establishing that the claims were unreasonable and without foundation; they were also likely frivolous.

<u>Defendants' Status as a "Prevailing Parties" are not affected by Court's declination to entertain state law claims</u>

There is scant law commentary on the narrow question set forth in Text Order Dkt 303 "whether Defendants are a "prevailing party" considering, inter alia, that the state law claims substantially predominated this case and were not dismissed on the merits, i.e., without prejudice, as the Court chose not to exercise supplemental jurisdiction.

The Supreme Court found that even where a party fails to secure judgment on the merits, a party where the decision or action "achieved the desired result.*" Buckhannon Bd and Care Home Inc  Id at 600*. So long as there is "judicial imprimatur" *Id at 606.*

A merits decision is not a prerequisite to a finding of prevailing party status. The Court explained that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *Id.* Instead, it held that a "defendant has ... fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision," and that a "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason. *CRST Inc v. EEOC 578 US __-(2016)* . *BE Technology LLC v. Facebook Inc No 18-2356 (Fed Cir, 2019)*.

Here the desired results- decertification of class and dismissal were achieved through this Court's dismissal of all claims in the action.

<u>The Court has the Discretion to award attorneys fees to prevailing defendants in FLSA cases .</u>

While FLSA §216(b) is silent as to the eligibility of prevailing defendants for recovery of attorneys fees, the Supreme Court has held that prevailing defendants are, in fact eligible to receive an award of attorneys .

> The Supreme Court addressed the issue of statutory silence in *Marx v. Gen. Revenue Corp*. In Marx, the Court was faced with the question whether § 1692k(a)(3) of the Fair Debt Collection Practices Act ("FDCPA") "provided otherwise" than Rule 54(d)(1). *133 S. Ct. at 1170-71*. The Court reasoned that "[b]ecause the Rule [54(d)(1) ] grants district courts discretion to award costs, a statute is contrary to the Rule if it limits that discretion." Id. at 1173. The FDCPA "is silent where bad faith and purpose[ful] harassment are absent," but the Supreme Court reasoned, "silence does not displace the background rule that a court has discretion to award costs." *Id. at 1174*; also citing *10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2670 (3d ed. 1998) (explaining that "permissive" statutes do not remove discretion under Rule 54)*. "A number of statutes state simply that the court may award costs in its discretion." *Id. at 1173 (quoting 10 J. Moore, Moore's Federal Practice § 54.101[1][c], pp. 54–159 (3d ed. 2012))*. However, "[s]uch a provision is not contrary to Rule 54(d)(1) and does not displace the court's discretion under the Rule." *Id*.
>
> Applying this approach, the Court finds nothing contrary to Rule 54(d) in the statute. Section 216(b) is silent regarding the court's authority when the defendant is the prevailing party. Because § 216(b) addresses only an award of costs to a prevailing plaintiff and neither §216(b) nor any other provision of the FLSA precludes an award of costs to a prevailing defendant, this Court concludes that Lindsey Management is not precluded from collecting its costs incurred. The fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation. "Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims." *Reger v. The Nemours Found., Inc., 599 F.3d 285, 289 (3d Cir. 2010)*. "After all, the Rules presume that the prevailing party is

> entitled to costs." Id. "It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful." Id. *Lockridge v. Linsey Management Co Inc, 824 F3d 760 (8th Cir. 2016) citing Marx v. Gen. Revenue Corp 133 S. Ct 1166 (2013)*

<u>Plaintiff are not prejudiced by award of legal fees, costs and disbursements to Defendants as Prevailing Parties in this Action</u>

Under federal law, statutes discussing awards of attorneys fees legal fees appear to be limited to federal claims. For instance the provisions for the award of attorneys fees in *FLSA §216(b)* is specific to the prevailing party under the FLSA. Congress's long standing public policy intent is demonstrated in its consistent enactment of laws to allow awards of attorneys fees to prevailing parties in federal actions on federal claims. By way of further example, the similar provisions of other federal laws pertaining to the *42 USC §1988(b)* provides for attorneys fees for the prevailing party for violation of specific violations of Title 42. *28 USC §2412(b)* provides for payment to prevailing parties in actions by or against federal agencies. These examples are not exhaustive of the total list.

The Court has discretionary supplemental jurisdiction over "all other claims that are so related to claims in the action within such original action that they form part of the same case or controversy." *28 USC §1367(a)*. As this Court recognized; "A district court's decision whether to exercise . . . jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." (Dkt 300 at p. 22 citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, *556 U.S. 635, 639 (2009).*)

The court properly exercised its discretion as it dismissed all claims made under its original jurisdiction, that is all federal claims. *28 USC §1367 (c)(3)*. Declining to exercise supplemental jurisdiction is not the same as lacking in subject matter jurisdiction. *Robbins v, City of NY 254 F. Supp 3d 434 (EDNY 2017)* Declination to exercise discretionary jurisdiction, does not affect prevailing party status on federal questions.

Where a federal court accepts supplemental state law claims and determines that a party has prevailed under such state law claims and the Court elects to grant an application for attorneys fees, such an award would or should only be granted where there is state law authorizing the award such as *NYS Labor Law §198*.   In that instance the federal court is acting in the place and stead of the state court, bound by the laws of that state, in implementing state law.  A declination to extend supplemental jurisdiction is simply a declination to act in the place and stead of the state court.

It is noted that dismissing a state law cause of action without prejudice is often a message to a Plaintiff that they "should consider whether the case has enough merit to warrant a second filing fee and recommencement". *Robbins v. City of NY  Id.*

To the extent that any state court claims are viable and become the subject of future action,, upon information and belief, state law provides for treatment of counsel fees and costs to employees if they prevail  e.g  *NYS LL §198 Id.*

Plaintiffs are not unrestricted in their ability to go back to Court. For instance Plaintiffs X. Zhang and Chen, by their elected method of proceeding are likely estopped from bringing a new action, having failed to timely appeal the NYS Department of Labor administrative determination.  Plaintiff G. Zhang raised no federal claims. In fact in the memo of law in submitted in support of the motion for amending the Complaint, John Troy, Esq. admits that "Gui Yong Zhang's FLSA claims are time barred." (Dkt 49 page 7; Dkt 300 FN 3) He would or at least should not benefit from the tolling granted by dismissal of federal claims which he never raised ; the statutes of limitations for any claims he might have had have long since expired.

Further as to Plaintiff's X. Zhang and Chen, the highest court in a neighboring jurisdiction has held that where a Plaintiff has elected to pursue FLSA remedies, they are barred by *29 USC §207* from pursuing wage related remedies under state law. *Devaney v. Zucchini Gold LLC 489 Mass 514 (2022).*

<u>Plaintiff's Counsel should also be jointly and severally liable for any award of attorneys fees, costs and disbursements.</u>

The claims in the above captioned action appear to have been fabricated by Plaintiff counsel. The Complaint and Amended Complaint are unverified. In defending the pre answer motions to dismiss and in seeking to amend the Complaint, Plaintiffs provided no affidavits of merit from any of the Plaintiffs.

Each Plaintiff appeared to be unaware the amount of wages they were seeking. (See Exhibits H-N of the Motion for Summary Judgment Dkt 252) When offering sworn testimony of sums actually paid to them, in deposition and through affidavit (Exhibits to Dkt 252 generally), their testimony supported a finding that they were in fact paid properly under the FLSA. In its decision and order, this Court held that "Plaintiff's minimum wage and overtime claims are without merit and must be dismissed.(Dkt 300 p. 20).

It is clear that Plaintiff counsel did not exercise due diligence in ascertaining the merits of the claims asserted before filing or at any time during the prosecution of the action. Simple mathematical computations would have disclosed that the Defendants did not violate the FLSA. The action should never have been brought 22 NYCRR Part 1200 Rule 3.1 (non meritorious claims and contentions)

Assuming arguendo that Plaintiff counsel commenced the action in good, Plaintiff counsel had an ethical obligation to correct any false statements of fact – to wit: the unsupported allegations of violation of the FLSA and/or withdraw the above FLSA claims, the instant that the falsity of such claims became evident. 22 NYCRR Part 1200 Rule 3.3.

Under the local rules, this Court must enforce 22 NYCRR Part 1200. NDNY LR 83.3(d). In pointing out these apparent ethical violation, your deponent acknowledges the denial of Defendant's application for leave to include a FRCP Rule 11 motion within this action. Defendants do not seek sanction under pursuant to FRCP Rule 11. Rather,

Defendants respectfully raise these issues as and for an explanation of the request that Plaintiff counsel also be held liable for payment of any award of attorneys fees, costs and disbursements to Defendants as prevailing parties.

"Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims." *Reger v. The Nemours Found., Inc., 599 F.3d 285, 289 (3d Cir. 2010)*. "After all, the Rules presume that the prevailing party is entitled to costs." *Id.* See also FRCP Rule 54.

It is acknowledged that Rule 54 and the discretion to award prevailing party relief as recognized by the Supreme Court in *Marx v. Gen. Revenue Corp 133 S. Ct 1166 (2013)* are silent as to whether a party's liability for attorneys fees, costs and disbursements extend to counsel, particularly where counsel knew or should have known claims lacked merit or where counsel failed to take appropriate corrective action.

§216 of the FLSA provides for both compensatory and punitive damages for violations of the provisions of the act. In the context of being prevailing Defendant in an FLSA, an application for sanction pursuant to FRCP Rule 11 would be tantamount to the seeking of punitive damages. Rather than seeking punishment of Plaintiff counsel, Defendants ask the Court grant the award of attorneys fees, costs and disbursements as compensation for the cost of defending the case and becoming the prevailing parties. There is precedent for extending FLSA liability to party counsel, particularly where counsel has acted improperly, as appears to have occurred in this matter.. *Arias v Raimondo 860 F.3d 1185 (9th Cir. 2017)*.

*Marx v. Gen. Revenue Corp 133 S. Ct 1166 (2013)*, FRCP Rule 54(d), FRCP Rule 11, 22 NYCRR Part 1200, NDNY LR 83.3 all stand for the proposition that an attorney

should act properly in an action and that the Court has discretion to assign compensatory liability to parties and their counsel in awarding attorneys fees, costs and disbursements to a prevailing defendant, Congress and the Courts have recognized that the risk of such an award should dissuade the raising of meritless claims. Where claims are meritless, such as the FLSA claims in the above captioned matter, the Court should grant Judgment and Order directing named Plaintiffs and their counsel to reimburse the Defendants as prevailing parties for their attorneys fees, costs and disbursements.

Conclusion

Defendants Ichiban Group LLC, Ichiban Food Services Inc, Chen & Ju, Inc, David Ip, Liping Ju and Tyng Quh Ju are prevailing parties having received a determination on the merits in their favor on all federal claims and having received a determination consistent with their desired goals : to wit – dismissal on all remaining claims. Defendants Shiow Fe Ju, Chwon Tzu Ju and Shin Shii (Tommy) Ju are also prevailing parties as the dismissal of the claims against them were also consistent with their desired goals; to wit- dismissal. The Court's proper exercise of its discretion in declining to extend jurisdiction of the federal courts to the state law claims does not impact Defendants' status as Prevailing Parties. As prevailing parties the Court should award them all legal fees, costs and disbursements in such sums and against such individuals as the Court determines to be just fair and proper.

WHEREFORE, your deponent respectfully requests an Order of this Court:

   I.   Granting Defendant's application for attorney's fees, costs and disbursements, and

II. Granting such other and further relief as to this Court may seem just, proper and equitable.

Dated: November 6, 2023

Respectfully submitted,

/s/ Matthew J. Mann

_____

Matthew J. Mann, Esq.
(Bar Roll 507018)
Mann Law Firm, P.C.
Attorneys for the Defendants
426 Troy Schenectady Road
Latham, New York 12110
(518) 785-3300