UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XUE HUI ZHANG, *on behalf of himself and others similarly situated*; YUE HUA CHEN, *on behalf of themselves and others similarly situated*; GUI YONG ZHANG, *on behalf of themselves and others similarly situated*,

       **Plaintiffs,**

 vs.            1:17-cv-148
               (MAD/TWD)

ICHIBAN GROUP, LLC; ICHIBAN FOOD SERVICES, INC., *doing business as* Ichiban Japanese & Chinese Restaurant; CHEN & JU, INC., *doing business as* Takara; DAVID L. IP; LIPING JU; and TYNG QUH JU,

       **Defendants.**
_____

**APPEARANCES:**       **OF COUNSEL:**

**TROY LAW, PLLC**       **JOHN TROY, ESQ.**
41-25 Kissena Blvd., Suite 110    **AARON B. SCHWEITZER, ESQ.**
Flushing, New York 11355
Attorneys for Plaintiffs

**MANN LAW FIRM, PC**     **MATTHEW J. MANN, ESQ.**
426 Troy-Schenectady Road
Latham, New York 12110
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On February 9, 2027, Plaintiff Xue Hui Zhang commenced this putative collective and class action alleging various federal and state labor law violations against Defendants. *See* Dkt. No. 1. The complaint was later amended to include two additional Plaintiffs, Yue Hua Chen and Gui Yong Zhang, as proposed representatives. *See* Dkt. No. 89. On March 3, 2020, this Court

conditionally granted certification relative to the Fair Labor Standards Act ("FLSA") collective claims pursuant to 29 U.S.C. § 216(b). *See* Dkt. No. 173. Thereafter, on May 21, 2021, the Court conditionally granted class certification as to the New York Labor Law ("NYLL") claims under Rule 23 of the Federal Rules of Civil Procedure. *See* Dkt. No. 201.

Thereafter, Defendants moved for summary judgment and class decertification. *See* Dkt. Nos. 252 & 295. In a September 19, 2023 Memorandum-Decision and Order, the Court granted Defendants' motions. *See* Dkt. No. 300. Specifically, the Court found that Plaintiff Gui Zhang's FLSA claims were time barred and that there was no evidence supporting an FLSA violation relative to either Plaintiff Yue Hua Chen or Xue Hui Zhang. *See id.* at 14-15. Accordingly, the Court granted Defendants' motion for summary judgment as to Plaintiffs' FLSA claims. *See id.* at 20. Thereafter, the Court granted Defendants' motion for decertification, finding that numerosity and typicality were lacking. *See id.* at 20-22. Finally, having dismissed all of Plaintiffs' federal claims, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *See id.* at 22-24.

Currently before the Court is Defendants' motion for attorneys' fees and costs. *See* Dkt. No. 306.

## II. BACKGROUND

For a complete recitation of the relevant procedural history and background facts of this case, the parties are referred to previous orders issued by the Court. *See* Dkt. Nos. 18, 63, 74, 173, 201 & 300.

## III. DISCUSSION

**A.     Attorneys' Fees**

Rule 54(d)(2) requires claims for attorneys' fees to be made by motion, which specifies the statute or grounds entitling the movant to the award. *See* Fed. R. Civ. P. 54(d)(2)(B). It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 245 (1975). Congress has provided only limited exceptions to this rule "under selected statutes granting or protecting various federal rights." *Id.* at 260 (footnote omitted). Some of these statutes make fee awards available to the "prevailing party." *See, e.g.*, 42 U.S.C. § 1988(b) (providing that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs"). The FLSA, however, limits the recovery of attorneys' fees to prevailing plaintiffs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Similarly, the NYLL provides that a prevailing "employee" is entitled to "recover ... all reasonable attorney's fees[.]" N.Y. Lab. L. § 198(1-a); *see also* N.Y. Lab. L. § 663(1). There are no similar provisions in the FLSA or NYLL for the payment of attorneys' fees and costs to a prevailing defendant. *See Davis v. Ching Yi Cheng*, No. 16-cv-1354, 2017 WL 6622545, *12-13 (E.D.N.Y. Dec. 28, 2017). Under the "bad faith" exception to the American Rule, courts can award attorneys' fees absent statutory authorization upon a showing that the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons. *See Alyeska Pipeline Serv. Co.*, 421 U.S. at 258-59 (citations omitted).

In the present matter, the Court finds that Defendants' motion for an award of attorneys' fees must be denied. Notably, in requesting attorneys' fees, Defendants' counsel does cite to the relevant provision of the FLSA providing for attorneys' fees but repeatedly implies that the

3

provision allows for attorneys' fees to be awarded to a "prevailing party." Dkt. No. 306-1 at 6-7. Defendants' counsel makes similar representations regarding who is entitled to recover attorneys' fees under the NYLL. *See id.* As noted above, however, both of those statutes specifically state that a prevailing "employee" or "plaintiff" is entitled to an award of attorneys' fees, while making no similar award available to a prevailing employer or defendant. As such, Defendants are only entitled to an award of attorneys' fees if they establish that this action was instituted or continued in bad faith, which they have failed to do. *See Davis*, 2017 WL 6622545, at *14 (holding that a prevailing employer-defendant is only entitled to attorneys' fees in a suit brought pursuant to the FLSA and NYLL if the employer-defendant can establish that the case was brought in bad faith) (citation omitted); *see also Kreager v. Solomon & Flanagan*, 775 F.2d 1541, 1542-43 (11th Cir. 1985) ("Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs ... Unlike other legislation which authorizes fee awards to prevailing parties, the Fair Labor Standards Act does not specifically provide attorney's fees to prevailing defendants. We must therefore look beyond the Act for an exception to the American Rule") (internal citation omitted).[1]

In arguing that Plaintiffs acted in bad faith and that Plaintiffs' "[c]ounsel should also be jointly and severally liable for any award for attorneys' fees, costs and disbursements," Defendants make the misleading proposition that because "[t]here is precedent for extending FLSA liability to party counsel, particularly where counsel has acted improperly, as appears to have occurred in this matter," attorneys' fees and costs ought to be awarded against Plaintiffs'

---

[1] The Court also notes that Defendants have relied almost exclusively on cases discussing an award of attorneys' fees under either Title VII or Section 1988, both of which provide for attorneys' fees to a "prevailing party." *See, e.g.*, Dkt. No. 306-1 at 4 (citing *CRST Inc. v. EEOC*, 578 U.S. 419 (2016)). None of these cases are relevant to the issues before the Court because those statutes contemplate an award of attorneys' fees to either a prevailing plaintiff or a prevailing defendant.

counsel. Dkt. No. 306-1 at 9 (citing *Arias v. Raimondo*, 860 F.3d 1185 (9th Cir. 2017)). Defendants' reliance on *Arias* in making this argument is misplaced. In *Arias*, the Ninth Circuit was asked to determine whether an employer's attorney – as opposed to the employer itself – could be liable for retaliating against his client's former employee through a plan to have the employee taken into custody by Immigration and Customs Enforcement ("ICE") at a scheduled deposition after that employee sued for violations of the FLSA. *See Arias*, 860 F.3d at 1187. In agreeing with the plaintiff, the Ninth Circuit explained that the wage and hour sections of the FLSA sensibly apply only to employers because only employers control wages. *See id.* at 1189. The court contrasted the FLSA's anti-retaliation provision, which Congress enacted "to enable workers to avail themselves of their statutory rights in court by invoking the legal process designed by Congress to protect them." *Id.* at 1190. As such, the court determined that purpose would not be served by limiting liability for retaliation to employers. *See id.* Because "the difference in reach between FLSA's substantive economic provisions and its anti-retaliation provision is unmistakable ... Congress clearly means to extend section 215(a)(3)'s reach beyond actual employers." *Id.* at 1191-92. Nothing about the Ninth Circuit's interpretation of the FLSA's anti-retaliation provision's application to individuals beyond an employee's employer is applicable or relevant to the present matter.[2]

In support of their bad faith claim, Defendants make entirely conclusory allegations that "[t]he claims in the above captioned action appear to have been fabricated by Plaintiff [sic]

---

[2] The Court also notes that the Ninth Circuit's decision in *Arias* that a non-employer defendant may be held civilly liable for violations of 29 U.S.C. § 215(a)(3) by virtue of their retaliatory conduct and affiliation with an actual employer has been rejected by a number of district courts within the Second Circuit. *See Li v. Chinese Nail Salon Assoc. of East Am., Inc.*, No. 20-cv-6390, 2024 WL 866248, *6 (E.D.N.Y. Feb. 28, 2024) (citing cases); *see also Diaz v. Longcore*, 751 Fed. Appx. 755 (6th Cir. 2018).

counsel," and contend that "Plaintiff [sic] counsel did not exercise due diligence in ascertaining the merits of the claims asserted before filing or at any time during the prosecution of the action. Simple mathematical computations would have disclosed that the Defendants did not violate the FLSA." Dkt. No. 306-1 at 8.  None of Defendants' conclusory assertions are sufficient to warrant an award of attorneys' fees.

As discussed above, the only pertinent exception to the American Rule for present purposes is "the court's inherent authority to award fees when a party litigates frivolously or in bad faith." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (citations omitted).  "The bad faith exception permits an award upon a showing that the claim is 'entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.'" *Id.* (quotation omitted).  "Neither meritlessness alone, ... nor improper motives alone, ... will suffice." *Id.* (citations omitted).

Here, Defendants acknowledged that they paid Plaintiffs flat monthly rates during the relevant time.  Under the FLSA, there is a rebuttable presumption that the weekly salary covers only the first forty hours worked in a given week unless an employer shows an employer/employee agreement that the salary covers a different number of hours.  *See Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 656 (E.D.N.Y. 2020) (citation omitted).  Although the Court ultimately found in Defendants' favor, nothing about the Court's decision indicated that this action was frivolous from the outset.  Moreover, nothing before the Court supports Defendants' conclusory assertion that this case was brought in bad faith.

Accordingly, Defendants' request for attorneys' fees is denied.

**B.**     **Costs**

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The Supreme Court has recognized that this rule "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (footnote omitted).  But the Court also recognized that "[n]otwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.*  However, "[i]n light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016).

"[D]enial of costs may be appropriate where a losing party can demonstrate misconduct by a prevailing party, the public importance of the case, the difficulty of the issues presented, or its own limited financial resources." *Moore v. County of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) (citations omitted).  Additionally, the court may consider if the litigation was "'close, complex and protracted'" in deciding whether to deny costs.  *See In re Ciprofloxin Hydrochloride Antitrust Litig.*, No. 00-mdl-1383, 2012 WL 293560, *3 (E.D.N.Y. Jan. 31, 2012) (citations omitted).

In the present matter, the Court finds that denial of costs is appropriate in this case.  First, this litigation clearly demonstrated that the named Plaintiffs have limited financial resources and an award of costs would impose a significant hardship on them.  Additionally, Defendants' conduct in this case has led to significant delays and protracted discovery disputes that consistently required court intervention.  Significantly, Defendant David Ip has been sued by the United States Department of Labor for alleged retaliation in this litigation in which it is alleged that he "provided personal identifying information and other sensitive information about

7

[Plaintiffs]" to law enforcement in an effort to have them removed from the United States to stop them from testifying. *See Su v. Ip*, No. 1:22-cv-886, Dkt. No. 37 at ¶ 2 (N.D.N.Y.). This alleged information was used against Plaintiffs when ICE agents approached them during a lunch break of a deposition and detained one of them, thereby preventing the deposition from being completed. *See id.* Although Defendant Ip has denied these allegations against him and the case brought by the Department of Labor remains pending, these incredible allegations further justify the Court's decision to deny costs. *See Whitfield*, 241 F.3d at 270 (holding that "costs may be denied because of misconduct by the prevailing party") (citations omitted); *see also Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572, 592-93 & n.15 (9th Cir. 2000) (*en banc*); *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (*en banc*).[3]

Accordingly, the Court denies Defendants' request for costs.

## IV. CONCLUSION

From the outset of this case, counsel for both sides have engaged in conduct that has prolonged this litigation and required an inordinate amount of intervention from the Court. Both sides have been admonished by the Court on numerous occasions, yet persisted in engaging in the same or similar conduct that continued to draw the Court's ire. *See, e.g.*, Dkt. No. 139 at 1 ("Because counsel have consistently exhibited an epic failure of their ability to civilly work out any discovery disputes, the Court held an in person conference on August 22, 2019"). From the outset, this case has been plagued by the questionable tactics and legal arguments of both sides. Having been forced to play mediator between two attorneys who clearly have no love for each

---

[3] The Court notes that Defendants are seeking costs for translation services that were required for the named Plaintiffs' depositions, including for the deposition that they were unable to complete on August 12, 2019, when one of the named Plaintiffs was detained by ICE agents. *See* Dkt. No. 306-2.

other and who have no qualms about airing their petty grievances on the public docket for all to see for the past several years as this litigation moved along at a snail's pace, the Court now disposes of this final pending motion with a sense of relief.

Accordingly, the Court hereby

**ORDERS** that Defendants' motion for attorneys' fees and costs (Dkt. No. 306) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 10, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge